William Cook v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-182-CR

Â Â Â Â Â WILLIAM COOK,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 
Â 
From the 54th District Court
McLennan County, Texas
Trial Court # 95-581-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â A jury convicted William Cook of the felony offense of possession of cocaine in an amount of
four grams or more but less than 200 grams. See Tex. Health & Safety Code Ann. Â§ 481.115
(Vernon Supp. 1997). The state alleged two prior felony convictions to enhance Cook to the level
of a habitual offender. The court assessed punishment at life in the Texas Department of Criminal
Justice, Institutional Division.Â Â 
Â Â Â Â Â Â Cook alleges in his first point of error that the evidence was legally insufficient to affirmatively
link him to the cocaine. Cookâs second point of error asserts that the evidence was factually
insufficient to establish that Cook possessed the cocaine.
FACTUAL BACKGROUND
Â Â Â Â Â Â This case arose out of an execution of a search warrant at the residence of Carolyn Washington
on February 10, 1995. Officers entered the residence and found Cook in the bathroom standing
over a running toilet. Upon a search of the residence, officers discovered 16.18 grams of cocaine
in the bathroom underneath a white bowl in the towel closet. Officers also found 4.7 grams of
cocaine in the left side of Washingtonâs bra and a Crown Royal bag in Washingtonâs possession
which contained $2,485.00 in cash. As a result of the search, Cook was charged with possession
of cocaine.
Â Â Â Â Â Â Officer Rhudy testified that he kicked in the bathroom door and found Cook fully clothed
standing over the commode. According to Rhudy, water was on the floor and around the rim of
the commode and â[t]he commode was running as if it had just been flushed.â Rhudy testified that
Cook appeared nervous and was sweating. Rhudy testified that Cook did not seem to be engaged
in normal bathroom activities and he believed Cook had flushed something down the commode.
Â Â Â Â Â Â Testimony showed that Washington and Cook were boyfriend and girlfriend and that Cook had
been living with her since September 1994. The officers found menâs clothing in Washingtonâs
closet. They also found a prescription pill bottle in Cookâs name in the house.
POSSESSION
Â Â Â Â Â Â When an accused is charged with possession of a controlled substance, the State must prove: 
(1) the accused exercised care, control, or management over the contraband, and (2) the accused
knew the matter was contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). 
If the contraband is discovered in a place where the accused does not have exclusive possession,
the State must show additional facts and circumstances which affirmatively link the accused to the
contraband. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). Whether the evidence
is direct or circumstantial, the state must establish âto the requisite level of confidence, that the
accusedâs connection with the drug was more than just fortuitous.â Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995). 
Â Â Â Â Â Â We have used the following list of affirmative links to consider when determining possession: 
(1) the defendantâs presence when the search warrant was executed; (2) whether the contraband was
in plain view; (3) the defendantâs proximity to and the accessibility of the contraband; (4) whether
the defendant was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband when arrested; (6) whether the defendant made incriminating statements
when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive
gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug
paraphernalia was present; (11) whether the defendant owned or had the right to possess the place
where the drugs were found; and (12) whether the place the drugs were found was enclosed. 
Collins v. State, 901 S.W.2d 503, 506 (Tex. App.âWaco 1994, pet. refâd); accord Villarreal v.
State, 865 S.W.2d 501, 503-504 (Tex. App.âCorpus Christi 1993, pet. refâd); âThe numbers of
factors present is less important than the logical force of those factors, alone or in combination,
establishing the elements of the offense.â Martinets v. State, 884 S.W.2d 185, 188 (Tex.
App.âAustin 1994, no pet.).LEGAL SUFFICIENCY
Â Â Â Â Â Â Cookâs first point of error asserts that the evidence is insufficient to affirmatively link him to
the cocaine found in Washingtonâs bathroom. In reviewing a claim of legal insufficiency, the court
reviews the evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979);
Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996).
Â Â Â Â Â Â Looking only at the evidence favorable to the verdict, we find that Cook was present when the
search warrant was executed. Testimony revealed that Cook was living with Washington and
menâs clothes were found in the bedroom closet. Cookâs prescription medicine and notice for past
due child support were also discovered in Washingtonâs house. Rhudyâs testimony provides
circumstantial evidence that Cook exhibited furtive gestures by flushing narcotics down the
commode. The officers promptly found the cocaine in the bathroom towel closet in close proximity
to where Rhudy found Cook. Although Cook did not make any incriminating statements, Rhudy
testified that he appeared nervous and was sweaty. A razor blade, which is often used to break the
cocaine into rocks, was in plain view on the kitchen table. 
Â Â Â Â Â Â Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that
Cook was in possession of the cocaine. Therefore, we find the evidence legally sufficient.Â 
Â Â Â Â Â Â Accordingly, we overrule Cookâs first point. 
FACTUAL SUFFICIENCY
Â Â Â Â Â Â Cook asserts in his second point of error that the evidence is factually insufficient to establish
that Cook possessed the cocaine. When presented with a factual insufficiency claim, we discard
the prism of the light most favorable to the verdict. Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). We reverse âonly if [the verdict] is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust.â Id. 
Â Â Â Â Â Â All of the evidence in the record related to the contested issue is considered. Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Evidence which tends to prove the issue is
compared with evidence which tends to disprove the issue. Id. We give appropriate deference to
the juryâs decision and do not substitute our judgment for theirs. Clewis, 922 S.W.2d at 135. We
do not set aside the âverdict merely because [we] feel that a different result is more reasonable.â 
Id. (quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986)).
Â Â Â Â Â Â As shown above, evidence exists which tends to prove that Cook possessed the cocaine found
in the towel closet. Evidence that the contraband was not in plain view tends to disprove
possession. Further, no one testified that Cook was under the influence of drugs or possessed any
other contraband. No evidence exists that there was any odor of contraband. Surveillance officers
did not see Cook during the three days the house was under surveillance. 
Â Â Â Â Â Â The jury is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Santellan, 939 S.W.2d at 164. We must give due deference to the jury on these issues. 
Id. at 166. After reviewing all the evidence, we cannot say the verdict âis so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.â Clewis, 922 S.W.2d at
134. Thus, we conclude the evidence is factually sufficient to sustain the conviction. We overrule
Cookâs second point.
Â Â Â Â Â Â Therefore, we affirm the judgment.
Â 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVISÂ 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Before Chief Justice Davis
Â Â Â Â Â Â Â Â Justice Cummings and
Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed September 24, 1997
Do not publish



   Bradden
argues that the evidence is legally and factually insufficient to support
either his conviction for robbery or his conviction for evading arrest.Â  When reviewing the legal sufficiency of the
evidence, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.Â  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d
560 (1979).Â  We review factual
sufficiency by considering all of the evidence in a neutral light to determine
whether a jury was rationally justified in finding guilt beyond a reasonable
doubt.Â  Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21, 2004).

Â Â Â Â Â Â Â Â Â  Bradden
argues that a rational juror could not have found that the State proved, beyond
a reasonable doubt, that Bradden was the robber.Â  Specifically, Bradden notes that the police
never found the paper money taken from the store, no fingerprints connected him
to any of the evidence, and the DNA evidence was not conclusive.Â  The state may prove identity with
circumstantial evidence.Â  Earls v. State, 707 S.W.2d 82, 85 (Tex.
Crim. App. 1986); Wilson v.
State, 9 S.W.3d 852, 855 (Tex. App.ÂAustin 2000, no pet.). Â Smith identified Bradden in court as the
driver of the vehicle he pursued.Â  He
identified the shirt as the shirt Bradden was wearing at the time.Â  He identified the mask and Maxwell Books bags
found in the vehicle Bradden abandoned.Â 
Thomas identified Bradden as the man he encountered in the alleyway
wearing the diamond-patterned shirt.Â  Lujan
identified Bradden as the man she had seen outside the bookstore, and
identified the mask and shirt worn by the robber.

Â Â Â Â Â Â Â Â Â  Considering
all of the evidence in the light most favorable to the verdict, the jury could
rationally have found beyond a reasonable doubt that Bradden was the
robber.Â  Jackson, 443 U.S. at 318-319, 99 S.Ct. at 2788-89.Â  The evidence is legally sufficient.Â  Considering all of the evidence in a neutral
light, we cannot say the jury was not rationally justified in finding that Bradden
was the robber.Â  Zuniga, 2004 WL 840786, at *7.Â  The evidence is factually sufficient.Â  We overrule this issue.

Â Â Â Â Â Â Â Â Â  Bradden
argues that the evidence was legally and factually insufficient to support his
conviction for evading arrest.Â 
Specifically, he contends that the evidence is insufficient to prove
that he was the operator of the vehicle and that he knew that Smith was a
police officer.Â  Smith identified Bradden
both at the time of the arrest and in court as the driver of the vehicle.Â  He testified that when he turned on the
lights and siren of his unmarked police car, Bradden continued to travel down
several residential streets, stopping only when he reached a dead end.Â  Smith testified that Bradden bailed out of
the car and escaped by jumping a nearby fence.Â 
These events were videotaped from SmithÂs vehicle, and the jury viewed
the videotape.Â  The jury could rationally
have found beyond a reasonable doubt that Bradden was the driver of the
vehicle.Â  The jury could also have
rationally determined beyond a reasonable doubt that Bradden knew the driver of
the vehicle pursuing him was a police officer and that Bradden took evasive
action.Â  Finding the evidence legally and
factually sufficient, we overrule this issue.

Impeachment

Â Â Â Â Â Â Â Â Â  Bradden
argues that the trial court erred in allowing the State to impeach him with
evidence of his 1972 convictions for robbery.Â 
The State provided pre-trial notice that it may use two 1972 convictions
for robbery, a 1978 conviction for aggravated robbery, and two 1979 convictions
for aggravated robbery to impeach Bradden.Â 
Texas Rule of Evidence 609(b) prohibits use of evidence of a conviction to
impeach a witness if more than ten years has elapsed since the date of the
conviction or of the release of the witness from the confinement imposed for
that conviction, whichever is the later date, unless the court determines, in
the interests of justice, that the probative value of the conviction
substantially outweighs its prejudicial effect.Â 
Tex. R. Evid. 609(b).Â  The trial court overruled BraddenÂs objection
to the use of the 1972 conviction.

Â Â Â Â Â Â Â Â Â  The
Court of Criminal Appeals has identified five factors which the court should
consider in balancing probative value against prejudicial effect: (1) the
impeachment value of the prior conviction; (2) the temporal proximity of the
prior conviction; (3) the similarity between the past crime and the offense
being prosecuted; (4) the importance of the defendantÂs testimony; and (5) the
importance of the credibility issue.Â  Theus v. State, 845 S.W.2d 874, 880
(Tex. Crim. App. 1992).Â  The trial court
has Âwide discretionÂ in determining the admissibility of a prior conviction
under Rule 609.Â  Id. at 881.Â 
We will set aside the courtÂs ruling if it Âlies outside the zone of
reasonable disagreement.ÂÂ  Id.

Impeachment Value

Â Â Â Â Â Â Â Â Â  A
crime involving deception has a higher impeachment value than a crime involving
violence.Â  Id.Â  Crimes
involving violence tend to be more prejudicial.Â 
Id.Â  The State
offered no evidence in the hearing concerning the facts of the prior convictions
with regard to their impeachment value.Â  Robbery
does not necessarily involve deception, but it does involve threats, force, or
violence.Â  Based on the limited record
before us, we hold that this factor weighs against admissibility.Â  See
Jackson v. State, 50 S.W.3d 579, 592 (Tex. App.ÂFort Worth 2001, pet
refÂd).

Temporal Proximity

Â Â Â Â Â Â Â Â Â  Rule
609(b) renders a prior conviction presumptively inadmissible if it is one for
which the witness had been released from custody more than ten years before
trial.Â  Tex.
R. Evid. 609(b); Jackson, 50
S.W.3d at 591; Butler v. State, 890
S.W.2d 950, 954 (Tex. App.ÂWaco 1995, pet. refÂd).Â  However, a trial court may nevertheless admit
a conviction deemed too remote under this rule if the court determines that,
under the Âspecific facts and circumstances,Â the probative value of the
conviction substantially outweighs its prejudicial effect.Â  Id.Â  The
impeachment value of a ÂremoteÂ prior felony conviction increases if the State
offers evidence of the lack of reformation or subsequent felony and certain
misdemeanor convictions.Â  See Lucas v. State, 791 S.W.2d 35, 51
(Tex. Crim. App. 1989); Jackson, 50 S.W.3d at 591.Â  The State introduced evidence that Bradden
had aggravated robbery convictions in 1978 and 1979, and that Bradden had only
recently been paroled for the 1978 conviction.Â 
This constitutes evidence of a lack of reformation and subsequent felony
convictions.Â  We hold that the facts and
circumstances presented tend to support the trial courtÂs determination that
the probative value of the 1972 conviction substantially outweighs its
prejudicial effect.

Similarity to Charged Offense

Â Â Â Â Â Â Â Â Â  The
fact that a prior conviction is similar to the present offense weighs against
its admissibility because the similarity might lead a jury to Âconvict on the
perception of a past pattern of conduct, instead of on the facts of the charged
offense.ÂÂ  Theus, 845 S.W.2d at 881.Â 
BraddenÂs 1972 conviction was for robbery, and he was on trial for
robbery in this case.Â  Accordingly, this
factor weighs against the admissibility of the prior conviction.

Importance of DefendantÂs Testimony/Credibility

Â Â Â Â Â Â Â Â Â  When
a case involves the testimony only of the defendant and the StateÂs witnesses,
the importance of the defendantÂs testimony and credibility escalates.Â  Id.Â  As the
importance of the defendantÂs credibility escalates, so does the need to allow
the State the opportunity to impeach the defendantÂs credibility. Â Id.Â  These
factors favor admissibility.

Summary

Â Â Â Â Â Â Â Â Â  We
accord the trial court Âwide discretionÂ in determining whether to admit a
prior conviction for impeachment under Rule 609.Â  Id. at 881; White
v. State, 21 S.W.3d 642, 646-47 (Tex. App.ÂWaco 2000, pet. refÂd).Â  Three of the five factors weigh in favor of
admissibility.Â  Under these
circumstances, we cannot say that the courtÂs decision Âlies outside the zone
of reasonable disagreement.ÂÂ  See id.Â 
We overrule the issue.

CONCLUSION

Â Â Â Â Â Â Â Â Â  Having
overruled the issues, we affirm the judgment.

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Â Â Â Â Â Â Â Â Â  (Chief Justice Gray concurs in the
result without a separate opinion.)

Affirmed

Opinion
delivered and filed December 8,
 2004

Do not publish 

[CRPM]