**In re Michael Angelo BASCO, M.D., Relator.**

No. 05–0771.

Supreme Court of Texas.

April 20, 2007.

David W. Townend, Townend Law Firm, Mesquite, TX, for Petitioner.

James M. Stewart, Ken Braxton Jr., Stewart Stimmel LLP, Dallas, TX, for Respondent.

Donald P. Wilcox, Susan G. Taylor, Austin, TX, for Amicus Curiae Texas Medical Association (TMA).

PER CURIAM.

"The legal system's image is ill-served by lawyers criticizing the work of their former associates with whom they shared in the fees paid for the work." *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 52 (Tex.1998). Here, a doctor seeks to disqualify his opponent's attorney because the attorney must question the work product of his former law partner. The trial court denied disqualification, and a divided court of appeals refused mandamus relief. 2005 WL 1594454. Finding disqualification mandatory, we conditionally grant relief.

■ In the current case, Dr. Michael Basco asserts various claims against Baylor Medical Center at Grapevine for terminating his hospital privileges. He alleges termination occurred a few days after he reported negligence by the hospital's nurses in delivery of a child, and that Baylor sought to discredit him in the malpractice case that soon followed against both.

Baylor gave two reasons for terminating Dr. Basco's privileges. The first was inappropriate administration of cytotec to induce labor. Dr. Basco alleges (and Baylor does not dispute here) no records show he prescribed cytotec for patients, a fired employee was the sole basis for this charge, and the Texas Board of Medical Examin-ers and a panel of the Texas Medical Association cleared him of this charge.

Baylor's second reason for termination was Dr. Basco's failure to report a suit against him (and six other doctors, four nurses, and Parkland Hospital) by Mary Powell for injuries incurred in the delivery of her son. Dr. Basco admits he did not report the *Powell* lawsuit to Baylor until it was settled, but did so on the advice of his attorney, Winston Borum. Upon settlement, Borum sent a letter to Baylor stating that although he was *"very* confident of a defense verdict at trial," he recommended that each of the six residents (as Dr. Basco was at the time) settle for the "nuisance amount of $25,000":

> It was not an easy decision to pay any money at all to settle such an unmeritorious claim; however, during mediation, when the opportunity arose to resolve it for such a small amount, I did recommend it as the best way to end the inconvenience and disruptions that a trial would inflict.

During the four years the case was pending, one of Borum's law partners was Baylor's current counsel, James Stewart, who left their firm three months after the case settled. Stewart testified he did not work on the case, and did not recall ever discussing it. But he admitted calling Borum to talk about *Powell* once Baylor retained him, though he could not recall what they discussed.

■ The Texas Disciplinary Rules of Professional Conduct prohibit an attorney from representing a current client against a former client if the matter (1) questions the validity of the earlier representation, (2) involves a reasonable probability that confidences will be violated, or (3) is substantially related to the earlier representation. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a). Those in a disqualified lawyer's

*current* firm are also disqualified in all three of these instances, while those in a *prior* firm are disqualified only in the first two. *See id.* 1.09(b), (c); *In re Mitcham,* 133 S.W.3d 274, 276 (Tex.2004) (per curiam). Thus, even if departing attorneys have no connection with a former client of a former firm, they cannot take on a case against that client if it involves questioning the validity of the earlier representation. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a), (c); *EPIC Holdings,* 985 S.W.2d at 51–52.

Here, Dr. Basco alleges Borum advised him not to report the *Powell* suit to Baylor until it was concluded. As Dr. Basco seeks affirmative relief in his suit against Baylor, he cannot use advice of counsel as a sword while shielding what that advice really was. *See Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 163 (Tex.1993). Thus, in Baylor's defense Stewart must question his former law partner about advice given Dr. Basco while the two were law partners. If Borum admits giving such advice, Baylor must certainly challenge the validity of it.

But even if Borum denies giving such advice, he cannot deny advising that the *Powell* case was an unmeritorious claim. Because a jury might conclude that overlooking a minor claim was not a firing offense, Baylor must likely challenge the validity of that advice too. Given the possible problems with Baylor's other ground for termination, an attorney could not vigorously defend Baylor without challenging the opinion that failing to report the *Powell* case was not a big deal.

■ When a trial court improperly denies a motion to disqualify opposing counsel, there is no adequate relief by appeal. *See Nat. Med. Enters., Inc. v. Godbey,* 924 S.W.2d 123, 133 (Tex.1996). Accordingly, without hearing oral argument, *see* TEX. R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and direct the trial court to disqualify Stewart and his current firm. We are confident the trial court will comply, and our writ will issue only if it does not.