IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00175-CV

 

In
re Seven-O Corporation

_____________

 

No. 10-09-00183-CV

 

IN RE SMITHTEX, LLP,
SMITH PROPERTIES, LLP,

STEVEN F. SMITH, STUART
N. R. SMITH,

AND NORMAN L. SMITH

 

 



Original Proceedings

 

 



O p i n i o n



 

            In these two original
proceedings for a writ of mandamus, the Relators allege that the trial court
abused its discretion in refusing to disqualify an attorney who is representing
both the plaintiffs and the third-party defendants in the underlying multi-party
lawsuit, which involves wrongful death, survival, and personal injury claims
arising out of a motor vehicle accident that occurred in August 2006 in Cass
County.

Teenagers Elizabeth Pickens, David
Pickens, Jonathan Demott, and Kate Massey were returning to College Station
from visiting family in Tennessee.  They were traveling southbound on US
Highway 59 and stopped at the SmithTex Travelplex in Atlanta, Texas.  After the
stop, the Dodge Stratus being driven by Elizabeth was exiting the Travelplex parking
area to re-enter Highway 59, which is adjacent to the Travelplex.  As Elizabeth
was preparing to cross the northbound lanes of the highway to turn and go
south, a FedEx Ground truck being driven by Ivory Brown was in the northbound outer
lane and had either slowed or stopped to turn right into the Travelplex.  As Elizabeth pulled out of the parking lot to cross the two northbound lanes, a Tri-State
Delivery truck driven by Randall Selig was going northbound in the inner lane and
collided with the Dodge Stratus as it was crossing the northbound lanes.  Elizabeth
and David Pickens and Jonathan Demott were killed, and Kate Massey was severely
injured.  Elizabeth’s estate settled the claims of the other three victims and
their families.

            The suit was originally
filed by attorney Paul W. Murphy on behalf of the parents of Elizabeth and
David Pickens and Jonathan Demott against Tri-State and Selig.  In Selig’s
deposition, he testified that the FedEx truck came to a “dead stop” on the
highway just before the entrance to and parking lot of the Travelplex.[1] 
In their first amended petition, the plaintiffs added FedEx and its driver
Brown as defendants, alleging that Brown, by coming to a complete stop on the
highway, negligently obstructed the views of Selig and Elizabeth Pickens.  The
attorney of record for FedEx was Burgain G. Hayes (who did not formally appear
for Brown because the plaintiffs did not serve Brown), who participated in
several depositions in which he elicited testimony implicating Elizabeth Pickens’s
negligence as a cause of the crash.  Hayes also espoused a theory that the
cause of the accident was the negligent design and unreasonably dangerous
condition of the SmithTex premises relating to traffic ingress and egress.

            The plaintiffs nonsuited
FedEx and Brown with prejudice (apparently without settlement) on August 6,
2008 and, in their second amended petition filed on August 8, added Kate Massey
(the lone survivor in the Dodge Stratus) as a plaintiff and Smithtex, LLP and
Seven-O Corporation as defendants.[2] 
SmithTex, Smith Properties and the Smith individuals own or operate the
Travelplex, and Seven-O constructed the Travelplex.  The plaintiffs allege that
Seven-O negligently designed and constructed the Travelplex with respect to the
traffic flow into and out of the Travelplex and its signage relative to Highway
59; they sued SmithTex for premises liability relating to the Travelplex’s
traffic flow and signage posing an unreasonable risk of harm.  In this time
frame, the plaintiffs settled with Tri-State and Selig, leaving Seven-O and
SmithTex as the remaining defendants.

            On September 15, 2008, the
plaintiffs filed a notice of appearance designating Hayes, who had represented
FedEx and Brown before the plaintiffs’ dismissal of them, as their new lead
counsel and attorney-in-charge.  On October 15, Seven-O filed a third-party
petition against FedEx and Brown, asserting the same liability theories
originally alleged by the plaintiffs against FedEx and Brown and asserting that
FedEx and Brown are or may be liable to the plaintiffs for the claims asserted
by the plaintiffs against Seven-O.  Hayes, plaintiffs’ lead counsel, then appeared
as Fed-Ex’s counsel and filed an answer; he later appeared and answered for
Brown.  SmithTex filed a cross-action against FedEx and Brown for contribution.

            Seven-O and SmithTex filed
motions to disqualify Hayes because he was representing the plaintiffs and also
FedEx and Brown, the third-party and cross-defendants.  In response, evidence
that the plaintiffs, FedEx, and Brown (hereafter we refer to FedEx and Brown
collectively as FedEx) have consented to Hayes’s representation of all of them
was presented to the trial court.[3]
 The sitting judge of the 361st District Court of Brazos County denied the
motions to disqualify Hayes.

Seven-O and SmithTex, as Relators, complain
that the Respondent trial judge abused his discretion in refusing to disqualify
Hayes and seek a writ of mandamus directing Respondent to vacate his order
denying the motions to disqualify and to enter an appropriate order
disqualifying Hayes because he cannot represent opposing parties in the same
litigation.  We agree with Seven-O and SmithTex and will conditionally grant
the writs.

Standard of Review

“Disqualification is a severe remedy.”  Spears
v. Fourth Court of Appeals, 797 S.W.2d 654, 656 (Tex. 1990).  It can result
in immediate and palpable harm, disrupt trial court proceedings, and deprive a
party of the right to have counsel of choice.  See Hoggard v. Snodgrass,
770 S.W.2d 577, 581 (Tex. App.—Dallas 1989, orig. proceeding).  In considering
a motion to disqualify, the trial court must strictly adhere to an exacting
standard to discourage a party from using the motion as a dilatory trial
tactic.  Spears, 797 S.W.2d at 656.  This Court often looks to the
disciplinary rules to decide disqualification issues.  [In re Meador,
968 S.W.2d 346, 350 (Tex. 1998)].  However, the disciplinary rules are merely
guidelines—not controlling standards—for disqualification motions.  Meador,
968 S.W.2d at 350.

 

In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002) (orig.
proceeding).  

Issues involving attorney
disqualification are appropriately reviewed for mandamus relief.  See, e.g.,
In re Basco, 221 S.W.3d 637, 639 (Tex. 2007) (orig. proceeding); In re Roseland
Oil & Gas, Inc., 68 S.W.3d 784, 786 (Tex. App.—Eastland 2001, orig.
proceeding).  We will grant mandamus relief if there has been an abuse of
discretion and the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding).
 A trial court abuses its discretion when it misapplies the law to the
established facts of the case.  Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991).  “A trial court has no discretion to determine
what the law is or in applying the law to the facts and, consequently, the
trial court’s failure to analyze or apply the law correctly is an abuse of
discretion.”  In re American Homestar of Lancaster, Inc., 50 S.W.3d 480,
483 (Tex. 2001).  Even under the abuse-of-discretion standard, we do not defer
to the trial court on questions of law.  See Perry Homes v. Cull, 258 S.W.3d 580, 598 (Tex. 2008), cert. denied, 129 S.Ct. 952 (2009). 
Thus, on questions of law or legal determinations made by the trial court, our
review is de novo.  See Byram v. Scott, No. 03-07-00741-CV, 2009 WL 1896076, at *3 (Tex. App.—Austin July 1, 2009, no pet. h.); Moeller v. Blanc, 276 S.W.3d 656, 660-61
(Tex. App.—Dallas Dec. 30, 2008, pet. filed).

“When a trial court improperly denies a
motion to disqualify opposing counsel, there is no adequate relief by appeal.” 
Basco, 221 S.W.3d at 639 (citing Nat’l Med. Enters., Inc. v. Godbey,
924 S.W.2d 123, 133 (Tex. 1996)).

Standing

We first address the Real Parties’ (the
plaintiffs and FedEx’s) contention that Seven-O and SmithTex lack standing to
challenge Hayes’s dual representation.  It is “primarily the responsibility of
the lawyer undertaking the representation” to address conflicts of interest,
but “[i]n litigation, a court may raise the question when there is reason to
infer that the lawyer has neglected the responsibility.”  Tex. Disciplinary R. Prof’l Conduct
1.06 cmt. 17, reprinted in Tex.
Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). 
However, “[w]here the conflict is such as clearly to call in question the fair
or efficient administration of justice, opposing counsel may properly raise the
question.”  Id.  Here, Relators’ counsel have standing to properly raise
the question of Hayes’s role because it clearly calls into question the fair
administration of justice.

Opposing Parties

 

            Our focus is first on Rule
1.06 of the Texas Disciplinary Rules of Professional Conduct.  That rule
provides in part:

Rule 1.06. Conflict of Interest: 
General Rule

(a) A lawyer shall not represent
opposing parties to the same litigation.

 

(b) In other situations and except to
the extent permitted by paragraph (c), a lawyer shall not represent a person if
the representation of that person:

(1) involves a substantially related matter
in which that person’s interests are materially and directly adverse to the
interests of another client of the lawyer or the lawyer’s firm;  or

(2) reasonably appears to be or become
adversely limited by the lawyer’s or law firm’s responsibilities to another
client or to a third person or by the lawyer’s or law firm’s own interests.

 

(c) A lawyer may represent a client in
the circumstances described in (b) if:

(1) the lawyer reasonably believes the
representation of each client will not be materially affected;  and

(2) each affected or potentially
affected client consents to such representation after full disclosure of the
existence, nature, implications, and possible adverse consequences of the
common representation and the advantages involved, if any. … 

 

Tex.
Disciplinary R. Prof’l Conduct
1.06 (a-c).

The Relators’ principal contention is
that Rule 1.06(a) mandates Hayes’s disqualification because he is representing
opposing parties in the same litigation.  The Real Parties contend that they
are not opposing parties, that Rule 1.06(b) applies instead, and that the
parties’ consents control.  In reviewing this rule, we apply statutory
construction principles, and statutory construction is a legal question that we
review de novo.  See In re Caballero, 272 S.W.3d 595, 599 (Tex. 2008) (citing O'Quinn v. State Bar of Tex., 763 S.W.2d 397, 399 (Tex. 1988) (instructing that “our
disciplinary rules should be treated like statutes”)).

The Real Parties—the plaintiffs and
third-party defendant FedEx—contend that they are not opposing parties because
they have the same litigation strategy and liability theory being espoused by
Hayes, their common attorney.  But having the same litigation strategy and the
same theory of liability is not the test for determining whether parties are
opposing.[4] 
Cf. Roseland, 68 S.W.3d at 787 (stating the meaning of adversity is
“broader than being ‘on the same side of the suit’”).

The comments to Rule 1.06(a) set out the
test for whether parties are opposing:  “The term ‘opposing parties’ as used in
this Rule contemplates a situation where a judgment favorable to one of the
parties will directly impact unfavorably upon the other party.”  Tex. Disciplinary R. Prof’l Conduct
1.06 cmt. 2.  Rule 1.06(a) applies to parties that are “actually directly
adverse,” and representing one client is directly adverse to another client
when “’the lawyer’s … ability or willingness to consider, recommend, or carry
out a course of action will be or is reasonably likely to be adversely affected
by representing both clients.”  In re Halter, No. 05-98-01164-CV, 1999
WL 667288, at *2 (Tex. App.—Dallas Aug. 27, 1999, orig. proceeding) (not
designated for publication) (citing and quoting Tex. Disciplinary R. Prof’l Conduct 1.06 cmts. 3, 6).  “Adversity
is a product of the likelihood of the risk and the seriousness of its
consequences.” Godbey, 924 S.W.2d at 132.  “Where there is a small, yet
serious risk, it is enough for the parties to be considered ‘adverse.’”  Roseland,
68 S.W.3d at 787.  Under traditional third-party practice, a third-party
defendant is generally an opposing party to the plaintiff, directly or
indirectly, because a third-party defendant is or may be ultimately liable to
the plaintiff for all or part of the plaintiff’s claim.  See Tex. R. Civ. P. 38(a).  “A third-party
action under rule 38, including a claim for contribution, is not an independent
action, but is derivative of the plaintiff’s claim against the third-party
defendant.”  Omega Contracting, Inc. v. Torres, 191 S.W.3d 828, 837 (Tex. App.—Fort Worth 2006, no pet.).

We agree with the Relators that the
plaintiffs and third-party defendant FedEx are opposing parties and are “actually
directly adverse.”  See Halter, 1999 WL 667288, at *2.  In the
event that Seven-O or SmithTex is found liable to the plaintiffs and the
plaintiffs are entitled to recover damages under section 33.012 of the Civil
Practice and Remedies Code, then the jury will apportion the percentage of
responsibility for those damages between Seven-O and FedEx and SmithTex and
FedEx in a jury question submitted under section 33.016.  See Tex. Civ. Prac. & Rem. Code Ann. §§
33.012, 33.016 (Vernon 2008).  Irrespective of the fact that both the
plaintiffs and FedEx are collectively pointing the liability finger at Seven-O
and SmithTex, if the jury finds no liability against Seven-O and SmithTex—an
unfavorable result for the plaintiffs—then FedEx obtains a favorable result. 
But if Seven-O or SmithTex is found liable—a favorable result for the
plaintiffs—but Seven-O or SmithTex is successful against FedEx as a
contribution defendant under section 33.016, then FedEx will be liable for a
portion of the plaintiffs’ damages, which is unfavorable to FedEx.  Moreover, a
greater damage award favors the plaintiffs, but at the same time FedEx’s
exposure is unfavorably increased.  And finally, if the jury finds that the
accident was solely caused by the negligence of Elizabeth Pickens, the driver,
then the plaintiffs will have no recovery because they settled with her estate;
that result is unfavorable to the plaintiffs but favorable to FedEx because it
would have no exposure.

The plaintiffs and FedEx are “actually directly
adverse” because Hayes’s ability or willingness to consider, recommend, or
carry out a course of action will be or is reasonably likely to be adversely
affected by representing both clients.  See Halter, 1999 WL
667288, at *2.  He cannot, for example, plead and zealously advocate Elizabeth
Pickens’s comparative negligence as an affirmative defense for FedEx, nor can
he plead and argue for FedEx the inferential rebuttal defensive theory of
unavoidable accident with respect to the drivers’ obstruction of view.[5] 
See Dillard v. Tex. Elec. Coop., 157 S.W.3d 429, 433 (Tex. 2006) (stating
that unavoidable accident instruction informs jury it may consider causes of
occurrence other than negligence of parties, including causes such as
obstruction of view); see, e.g., Harris v. Vazquez, No. 03-07-00245-CV, 2008 WL 2309179 (Tex. App.—Austin June
5, 2008, no pet.) (jury found no liability on either driver where trial
court submitted unavoidable accident instruction because one driver testified
his view was obstructed); see also Bed, Bath & Beyond, Inc. v. Urista,
211 S.W.3d 753, 756 (Tex. 2006) (“The truth is, sometimes accidents are no one’s
fault, and an unavoidable accident instruction … simply explains to the jury
that they are not required to find someone at fault.”).

The trial court erred in its legal
determination that the plaintiffs and FedEx are not opposing parties.  They are
opposing parties under Rule 1.06(a), and they are “actually directly adverse.” 
See Tex. Disciplinary R. Prof’l
Conduct 1.06(a) & cmt. 2; Halter, 1999 WL 667288, at *2.

Common-Law Considerations

            Relators also emphasize common-law
considerations that apply to Hayes’s dual representation of the plaintiffs and
third-party defendants in the context of a jury trial of a multi-party lawsuit. 
Those considerations include:


 The
 appearance of impropriety (In re Hoar Constr., L.L.C., 256 S.W.3d 790,
 798 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding)).


 


 The
 integrity of legal proceedings and fairness in the administration of
 justice (In re Epic Holdings, Inc., 985 S.W.2d 41, 52 (Tex. 1998) (orig. proceeding); United Pac. Ins. Co. v. Zardenetta, 661 S.W.2d 244, 248
 (Tex. App.—San Antonio 1983, orig. proceeding)).[6]


 


 The
 pernicious effects of now-unlawful Mary Carter agreements, such as skewing
 the trial process,[7]
 misleading the jury, promoting collusion among nominal adversaries, and
 creating the likelihood that a less culpable defendant will be hit with
 the full judgment (Elbaor v. Smith, 845 S.W.2d 240, 249-50 (Tex.
 1992)).


            These considerations are “compelling
reasons” that further warrant Hayes’s disqualification in the underlying case. 
See Keller Indus., Inc. v. Blanton, 804 S.W.2d 182, 185 (Tex. App.—Houston [14th Dist.] 1991, orig. proceeding).

Conclusion

We conditionally grant the petitions for
writ of mandamus.  The writs will issue only if Respondent fails to advise this
Court in writing within fourteen days after the date of this opinion that he
has vacated his May 27, 2009 order denying the motions to disqualify Hayes and
has entered an order granting the motions to disqualify Hayes.  Our stay of the
underlying proceedings is lifted upon the trial court’s entry of the order
disqualifying Hayes.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petitions
conditionally granted 

Opinion
delivered and filed August 12, 2009

[OT06]









[1] Selig’s subsequent affidavit modifies his
deposition testimony, stating:  “To me, at the time, it appeared that the Fed
Ex truck had slowed to a stop as it was attempting to turn into the parking lot
of the SmithTex store. …  I cannot state with reasonable certainty that the
said Fed Ex truck came to a complete stop at any time prior to the occurrence
in question.”





[2] Smith Properties, LLP, Stuart N.R.
Smith, Steven F. Smith, and Norman L. Smith were later added as defendants.  We
hereafter refer to them and SmithTex collectively as SmithTex.





[3] Hayes’s affidavit states in pertinent
part:  “I believe that serving as counsel to both FedEx and the Plaintiffs in
the above-numbered cause of action will not materially affect my representation
of either client. …  Finally, Plaintiffs, FedEx and Ivory Brown consented to my
joint representation of them after being provided the full disclosure of the
advantages and disadvantages thereof.”





[4] Nor is the test
subjective; it necessarily must be objective.  Nothing in the disciplinary
rules or in relevant case law evinces a test based on the subjective view of
the attorney at issue.  See Tex.
Disciplinary R. Prof’l Conduct 1.06 cmt. 6 (“The dual representation
also is directly adverse if the lawyer reasonably appears to be called upon
to espouse adverse positions in the same matter or a related matter.”)
(emphasis added); id. cmt. 7 (“when a disinterested lawyer would
conclude that the client should not agree to the representation under the
circumstances, the lawyer involved should not ask for such agreement or provide
representation on the basis of the client's consent”) (emphasis added); see
also Tex. Comm. on Prof’l Ethics, Op. 500, 58 Tex. B.J. 380 (1995) (applying disinterested-lawyer standard
for determining whether lawyer would conclude that client should not agree to
dual representation); Roseland, 68 S.W.3d at 787-88 (viewing claims and
evidence objectively in finding that attorney should be disqualified).





[5] Additionally problematic, according to
the Relators, is that if FedEx is designated as a responsible third party, Kate
Massey, who was not a plaintiff when FedEx was dismissed with prejudice, may
assert a claim against it.  See Tex.
Civ. Prac. & Rem. Code Ann. § 33.004(e) (Vernon 2008).  In that
situation, which is not before us and thus not a basis for our decision, Hayes
would be in the untenable position of advising one client on whether to sue
another client in the same suit.





[6] While not a disqualification case and
factually dissimilar, a 1966 opinion highlights the fundamental problem with
dual representation of opposing parties:

     To require or even to permit an
attorney or a firm of attorneys in open court, before a jury, to undertake the
representation of defendants having a conflicting interest is error, regardless
of how or who is responsible for this situation.

     To have an attorney standing in
open court before a jury and the public, who have a right to be present,
attempting to represent conflicting interests creates a situation which should
never occur under our adversary system of trying cases.  Such a situation
discredits the legal profession, and lowers the dignity of the court.  It
should never be permitted, even if agreeable to the adverse parties.  Such a
trial would be fundamentally wrong and against the policy of the law.

J.W. Hill & Sons, Inc. v. Wilson, 399 S.W.2d 152, 154 (Tex. Civ. App.—San
Antonio 1966, writ ref’d n.r.e.) (citations omitted).

                





[7] Hayes’s dual representation of the
plaintiffs and the third-party defendants evokes Justice Spears’s earlier
concern about the distortion caused by Mary Carter agreements:  “Jurors,
unfamiliar with court proceedings, come to court expecting to see a contest
between the plaintiff and the defendants, but instead see one of the defendants
cooperating with the plaintiff or standing mute.”  Scurlock Oil Co. v.
Smithwick, 724 S.W.2d 1, 9 (Tex. 1986) (Spears, J., concurring).