

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00445-CV

LEONARD HORNSBY AND SUE ALLEN        APPELLANTS

V.

TARRANT COUNTY COLLEGE        APPELLEE
DISTRICT

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In three issues, Appellant Leonard Hornsby appeals the trial court's summary judgment for Appellee Tarrant County College District (TCCD) and its order disqualifying his attorney, Appellant Sue Allen. In two issues, Allen

---

[1]*See* Tex. R. App. P. 47.4.

appeals her disqualification.  We affirm the trial court's judgment as to Hornsby and we dismiss Allen's appeal for want of jurisdiction.

## II.  Factual and Procedural Background

Hornsby was already employed by TCCD as an academic advisor when TCCD advertised in 2004 for two counselor positions for its counseling center.[2] Hornsby applied for both positions, and TCCD's screening committee placed him on the list of four candidates that it recommended to Dr. Earnest Thomas, the south campus president.  Dr. Lonzetta Smith-Allen, Hornsby's supervisor, also recommended him for the job.  TCCD hired no one and re-advertised the openings in 2005.  The revised job postings stated that bilingual ability was "highly desired."

Hornsby applied again in 2005.  The screening committee again recommended Hornsby, this time to Dean Juan Garcia, who had been placed in charge of the counseling center.  On December 9, 2005, Garcia sent an email to Smith-Allen requesting the resumes of six specific candidates, all of whom had Hispanic surnames.  After Smith-Allen complied, Garcia sent Thomas an email indicating that three of the six candidates were scheduled for an interview, but TCCD again hired no one.  Garcia sent a letter to Hornsby on May 31, 2006, indicating that the positions would be reposted to attract more applicants and that Hornsby should reapply if he was still interested.

---

[2]The parties dispute whether the 2004 advertisements indicated that bilingual ability was a desired skill for the positions.

2

The 2006 posting again included the statement that bilingual ability was "highly desired," and it had a closing date of July 8, 2006. Hornsby reapplied and was among five candidates recommended by the screening committee. Three candidates, including Hornsby, were not bilingual; the remaining two candidates were bilingual but had no counseling degree. The posting required a master's degree in counseling or a related field and three years' experience in counseling. Hornsby had a master's degree in counseling. On June 4, 2007, TCCD hired a bilingual candidate who did not have a counseling degree but had more academic advising experience than Hornsby, had a master's degree in Higher Education Administration and a minor in counseling, and had a certificate of completion in psychology.

Hornsby sued pro se on June 26, 2007, alleging race discrimination.[3] In March 2008, TCCD hired Hornsby for the remaining counselor position.

Allen first appeared on Hornsby's behalf in his first amended petition on October 10, 2007. Representing Hornsby, Allen asked Angela Robinson, TCCD's attorney, when she might be able to take screening committee member Steve Rakoff's deposition; in response, Robinson told Allen that Rakoff was one of her clients and agreed to make him available. Allen then called Rakoff directly to find out what he knew about the case. Allen also told Rakoff she was deposing him because of his screening committee knowledge, and she advised

---

[3]Hornsby subsequently added claims for age discrimination, but he does not appeal the trial court's summary judgment on those claims.

3

him of a potential retaliation claim by TCCD against him. Allen also spoke to two other screening committee members, Freddie Sandifer and Sandra Johnson, multiple times during the pendency of this suit and advised them on their own lawsuits against TCCD before she was hired by Hornsby.

Approximately one year after Hornsby hired Allen, TCCD learned that Allen had contacted TCCD's employees and filed a motion to disqualify Allen under rule 4.02 of the disciplinary rules of professional conduct. Allen asked for, and the trial court granted, time for her to retain counsel before the hearing on TCCD's motion.

Before the hearing on TCCD's motion, the trial court informed the parties that it wanted to address alternative sanctions at the hearing, including striking Rakoff, Sandifer, and Johnson as witnesses instead of disqualifying Allen. At the hearing, TCCD argued that during trial it might be "[b]oxed into . . . having to call those witnesses," so their exclusion would possibly harm TCCD more than Hornsby because the jury would wonder "[w]hy aren't we hearing from these witnesses for [TCCD]?" TCCD also argued that it would need those witnesses to rebut Smith-Allen's testimony that the screening committee told her that Hornsby was the top candidate and Hornsby's theory that TCCD "changed its procedure in the way it hired counselors." The trial court ultimately ordered Allen disqualified.

The trial court made the following findings of fact as to the disqualification:

4

18. Attorney Sue Allen admits that she communicated with the Current [TCCD] Employees and Ms. Smith-Allen concerning the Hornsby Lawsuit.

19. Attorney Sue Allen further admits that Mr. Rakoff, Ms. Johnson and Mr. Sandifer are current employees of [TCCD] and were employees at the time of the communication.

20. Attorney Sue Allen admits that [s]he spoke with the Current [TCCD] Employees outside of the presence of counsel for [TCCD] and without the consent of [TCCD]'s Counsel.

21. At the time of her communications with the Current [TCCD] Employees, Attorney Sue Allen was representing Leonard Hornsby.

22. At the time of her communications with the Current [TCCD] Employees, Attorney Sue Allen communicated with those employees about the subject matter of the Hornsby Lawsuit.

23. At the time of her communications with the Current [TCCD] Employees, Attorney Sue Allen was not authorized by law to do so.

. . . .

25. [TCCD]'s counsel had not been notified of any meeting between [Mr. Sandifer, Ms. Johnson,] and Attorney Sue Allen relating to the Hornsby Lawsuit.

. . . .

28. The billing records submitted by Attorney Sue Allen on the Hornsby Lawsuit show a conference with Mr. Sandifer on August 13, 2008, two days prior to his deposition and which lasted one half hour.

29. Attorney Sue Allen spoke with both Ms. Johnson and Mr. Sandifer after their depositions.

. . . .

32. At his deposition, Mr. Rakoff stated under oath that Attorney Sue Allen had called him at his office at [TCCD]'s South Campus and he had a conversation with her concerning the Hornsby Lawsuit.

33. During the *ex parte* communication with Mr. Rakoff, Attorney Sue Allen discussed the issue of retaliation as it related to Mr. Rakoff's testimony in the Hornsby Lawsuit.

. . . .

38. On September 16, 2010 [TCCD]'s Motion for Sanctions and to Disqualify Counsel was heard.

39. At the Motion hearing [TCCD] presented Mr. Sandifer, Ms. Johnson, Mr. Rakoff and Attorney Sue Allen as witnesses.

40. The demeanor of the Current [TCCD] Employees was guarded, intimidated and they demonstrated selective memories.

41. Attorney Sue Allen's influence over the Current [TCCD] Employees was evident during their testimony in their words, recollection and demeanor.

42. In response to an inquiry to Mr. Sandifer as to why he called Ms. Allen after his deposition rather than [TCCD]'s attorney, Mr. Sandifer responded "Because she [pointing to Attorney Sue Allen] is my attorney."

43. As members of the search or screening committee involved in the screening of candidates for the counseling position, Mr. Rakoff, Mr. Sandifer and Ms. Johnson are persons whose conduct is part of the subject of the Hornsby Lawsuit.

. . . .

46. In support of Hornsby's Opposition to Summary Judgment the testimony of Mr. Rakoff and Mr. Sandifer was offered by the Plaintiff to support Mr. Hornsby's assertion that these witnesses were acting on behalf of [TCCD] as members of the screening committee and they found Mr. Hornsby more qualified for the position sought than the candidate which was selected.

. . . .

6

48. This evidence [finding of fact #46] contradicts Ms. Allen's September 16, 2010 representations that the testimony of the Current [TCCD] Employees has no bearing on the Hornsby Lawsuit.

. . . .

51. Attorney Sue Allen engaged in conduct prohibited by the Texas Rules of Disciplinary Conduct 4.02 when she improperly contacted the Current [TCCD] Employees.

52. As members of the search committee, the Current [TCCD] Employees are persons whose acts or omissions may make [TCCD] vicariously liable for the matter at issue.

53. Attorney Sue Allen, in order to avoid the appearance of impropriety, should have avoided contact with the Current [TCCD] Employees outside the presence of [TCCD]'s counsel.

54. Attorney Sue Allen's continued representation of the Plaintiff in this case would result in irreparable prejudice to [TCCD]'s ability to defend.

55. Disqualifying Attorney Sue Allen from this case and abating the trial for thirty days will not cause a rendition of an improper judgment or prevent Mr. Hornsby from properly presenting his case to this Court.

56. Disqualifying Attorney Sue Allen is the least sanction which can be imposed while still balancing the rights of [TCCD] to not be prejudiced.

57. Unethical conduct has occurred, is admitted by Attorney Sue Allen and the proper measure to be taken by this Court is disqualification.

In its conclusions of law, the trial court stated:

1. Texas Rule of Disciplinary Conduct 4.02 specifically prohibits an attorney from contacting a party the attorney knows to be represented by counsel.

. . . .

7

2.  [TCCD] is a governmental entity.  In the case of an organization of [sic] entity of government, Texas Rule 4.02 of Disciplinary Conduct prohibits communications by a lawyer for one party concerning subject of the representation with persons having a managerial responsibility on behalf of the organization that relates to the subject of the representation and with those persons presently employed by such organization or entity whose act or omission may make [the] organization or entity vicariously liable for the matter at issue.  The rule is based on the presumption that such persons are [so] closely identified with the interests of the entity of government that [its lawyers] will represent them as well.

3.

. . . .

During the discovery process, Attorney Sue Allen improperly contacted the Current [TCCD] Employees who participated on the search committee.  The appropriate sanction for this improper party contact is disqualification of Attorney Sue Allen from the Hornsby Lawsuit.

4.

. . . .

Attorney Sue Allen, in order to avoid the appearance of impropriety, should have avoided any form of contact with the Current [TCCD] Employees outside of the presence of [TCCD]'s Counsel.  [Because she] failed to do so, [TCCD] was unfairly prejudiced to a greater extent than Mr. Hornsby will be in retaining new counsel.

5.

. . . .

 . . . Attorney Sue Allen admits to having conferred with Mr. Rakoff, Mr. Sandifer and Ms. Johnson about the Hornsby Lawsuit without the knowledge of [TCCD]'s counsel.  This conduct was inappropriate and establishes that a specific identifiable impropriety did occur. . . .   [TCCD] has shown that the likelihood of public suspicion or obloquy outweighs the social interest which would be served by Attorney Sue Allen's continued participation in the Hornsby Lawsuit.

The Court has balanced the limited, but substantial right of Mr. Hornsby to select counsel against the conduct of Attorney Sue Allen.

Attorney Sue Allen's continued representation of the plaintiff in this case would result in "irreparable prejudice" to [TCCD]'s ability to defend.

6. Public policy concerns are readily apparent given the multiple conversations Attorney Sue Allen had with the Current [TCCD] Employees regarding the subject matter of Mr. Hornsby's claim. In such a case, the law is clear that a court is obligated to take measures against such conduct occurring in connection with any proceeding before it. [Citation omitted.]

7. Discussion of a retaliation claim necessarily involves discussion of the underlying lawsuit because the two are inextricably linked. This is sufficient to support a disqualification of counsel. [Citation omitted.]

8.
. . . .

The sanction of disqualifying Attorney Sue Allen is the least sanction which can be imposed while still balancing the rights of [TCCD] to not be prejudiced by Attorney Sue Allen's communications with Steve Rakoff, Freddie Sandifer and Sandra Johnson.

Following Allen's disqualification, Hornsby and Allen petitioned this court for a writ of mandamus, which we denied. *See In re Hornsby*, No. 02-10-00482-CV, 2011 WL 582663, at *1 (Tex. App.—Fort Worth Feb. 15, 2011, orig. proceeding) (mem. op.). No attorney appeared for Hornsby thereafter in the trial court, even though the trial court gave him time to find new counsel, and he did not attend the summary judgment hearing that was postponed and reset after his attorney was removed from the case.

9

TCCD filed a second motion for summary judgment on Hornsby's claims and its affirmative defenses, and the trial court granted the motion. This appeal followed.

### III. Summary Judgment

In his first issue, Hornsby asserts that the trial court erred by granting summary judgment because record shows the existence of genuine issues of material fact as to whether Hornsby was rejected or denied the positions in question, whether Hornsby was qualified for the positions, whether TCCD had nondiscriminatory reasons for the hiring delay, and whether TCCD had proved a business necessity for its actions.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When, as here, the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

In its second motion for summary judgment, TCCD raised five grounds. Its third ground was that Hornsby failed to complete the necessary administrative prerequisites to sue under the Texas Commission on Human Rights Act (TCHRA), including filing a complaint with the Texas Workforce Commission–Civil Rights Division within 180 days of the alleged discriminatory act. *See Tarrant Reg'l Water Dist. v. Villanueva*, 331 S.W.3d 125, 129–30 n.3, 134 (Tex.

10

App.—Fort Worth 2010, pet. denied) (noting that failure to file a complaint and pursue administrative remedies within the 180-day window for filing a discrimination claim under the TCHRA creates a jurisdictional bar). Because Hornsby does not challenge this ground on appeal, we overrule his first issue. *See Scott*, 890 S.W.2d at 948.

## IV. Disqualification

In his second issue, Hornsby asserts that the trial court abused its discretion by disqualifying his attorney and that the trial court's findings in support of the disqualification were arbitrary and unreasonable.

## A. Standard of Review

We review the disqualification of an attorney for an abuse of discretion. *See Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 327 (Tex. App.—Fort Worth 2007, pet. denied) (citing *Metropolitan Life Ins. Co. v. Syntek Fin. Corp.*, 881 S.W.2d 319, 321 (Tex. 1994)). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

## B. Findings of Fact and Conclusions of Law Challenged by Hornsby

In an abuse of discretion review, findings of fact and conclusions of law explain the trial court's ruling and aid us in reviewing the propriety of the ruling.[4]

---

[4]Findings of fact, although not required, can properly be considered by the appellate court in an appeal from any judgment based in any part on an

11

*See In re M.J.G.*, 248 S.W.3d 753, 761 (Tex. App.—Fort Worth 2008, no pet.).

Conclusions of law may not be challenged for factual sufficiency, but they may be

reviewed to determine their correctness based upon the facts. *BMC Software*

*Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If the reviewing

court determines that a conclusion of law is erroneous but the trial court rendered

the proper judgment, the erroneous conclusion of law does not require reversal.

*Id.*; *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 513 (Tex. App.—Fort Worth

2012, no pet.).

On appeal, Hornsby challenges findings of fact numbers fifty-four and fifty-

six and the italicized portion of conclusion of law number five:

> 54. Attorney Sue Allen's continued representation of the Plaintiff in this case would result in irreparable prejudice to [TCCD]'s ability to defend.

> 56. Disqualifying Attorney Sue Allen is the least sanction which can be imposed while still balancing the rights of [TCCD] to not be prejudiced.

> 5.
> . . . .

---

evidentiary hearing. *See IKB Indus. (Nigeria) v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *see also Int'l Union v. General Motors Corp.*, 104 S.W.3d 126, 128–29 (Tex. App.—Fort Worth 2003, no pet.) (holding that findings of fact and conclusions of law are appropriate following an evidentiary hearing if the trial court is called upon to determine questions of fact based on conflicting evidence, but not when the trial court rules without determining questions of fact); *Samuelson v. United Healthcare of Tex., Inc.*, 79 S.W.3d 706, 710 (Tex. App.—Fort Worth 2002, no pet.) (holding that when the abuse of discretion standard of review applies to a trial court's ruling, findings of fact and conclusions of law, while helpful, are not required).

. . . Attorney Sue Allen admits to having conferred with Mr. Rakoff, Mr. Sandifer and Ms. Johnson about the Hornsby Lawsuit without the knowledge of [TCCD]'s counsel. This conduct was inappropriate and establishes that a specific identifiable impropriety did occur. . . . *[TCCD] has shown that the likelihood of public suspicion or obloquy outweighs the social interest which would be served by Attorney Sue Allen's continued participation in the Hornsby Lawsuit.*

The Court has balanced the limited, but substantial right of Mr. Hornsby to select counsel against the conduct of Attorney Sue Allen.

Attorney Sue Allen's continued representation of the plaintiff in this case would result in "irreparable prejudice" to [TCCD]'s ability to defend. [Emphasis added.]

## C. Analysis

Rule 4.02 of the disciplinary rules of professional conduct states in part:

(a) In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

. . . .

(c) For the purpose of this rule, organization or entity of government includes:

(1) those persons presently having a managerial responsibility with an organization or entity of government that relates to the subject of the representation, or

(2) those persons presently employed by such organization or entity and whose act or omission in connection with the subject of representation may make the organization or entity of government vicariously liable for such act or omission.

Tex. Disciplinary Rules Prof'l Conduct R. 4.02, *reprinted in* Tex. Gov't Code Ann.,

tit. 2, subtit. G, app. A, art. 10, § 9 (West 2013). Comment four to this rule states,

13

This Rule is based on the presumption that [persons presently employed by the entity in question] are so closely identified with the interests of the organization or entity of government that its lawyers will represent them as well. If, however, such an agent or employee is represented in the matter by his or her own counsel that presumption is inapplicable. In such cases, the consent by that counsel to communicate will be sufficient for purposes of this Rule.

*Id.* cmt. 4.

A trial court can abuse its discretion by not disqualifying an attorney who violates the disciplinary rules of professional conduct. *See In re Basco,* 221 S.W.3d 637, 639 (Tex. 2007). However, it is not necessary for an attorney to violate a disciplinary rule in order to be properly disqualified. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). Even if a lawyer violates a disciplinary rule, the movant must show that it was actually prejudiced by the lawyer's conduct. *Id.*

When an attorney's conduct gives the strong appearance of impropriety, casting doubt upon the integrity of the legal profession, the court should act to guard that integrity. *See, e.g., Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 129, 131–32 (Tex. 1996). The appearance of impropriety requires a specifically identifiable occurrence of improper conduct and the "likelihood of public suspicion or obloquy outweigh[ing] the social interest in obtaining counsel of one's choice." *Ussery v. Gray*, 804 S.W.2d 232, 237 (Tex. App.—Fort Worth 1991, no writ).

The choice of sanctions, including disqualification, is within the trial court's discretion, subject to the requirement that the sanction be "'just.'" *Richmond*

14

*Condos. v. Skipworth Commercial Plumbing, Inc.*, 245 S.W.3d 646, 661 (Tex. App.—Fort Worth 2008, pet. denied) (op. on reh'g) (quoting *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991) (orig. proceeding)).

Here, the record reflects that Allen was told that Rakoff was represented by TCCD's counsel before she contacted him. Further, Rakoff, Sandifer, and Johnson were decision makers in the counselor selection process, and they eliminated over eighty applicants for the positions in question. Indeed, Hornsby relied on the screening committee's recommendations to support his discrimination claim. Thus, Allen was prohibited by rule 4.02 from contacting them but nonetheless proceeded to do so. *See* Tex. Disciplinary Rules Prof'l Conduct R. 4.02(c)(2). By the time that Allen took Hornsby's case, she had talked to Johnson and Sandifer over thirty times, and she continued to communicate with them during the pendency of this suit. She had also advised them on their own suits against TCCD before she was hired by Hornsby.

In its unchallenged findings of fact, the trial court found that Allen's influence over Rakoff, Sandifer, and Johnson was apparent by their "words, recollection and demeanor" during their testimony at the hearing on TCCD's motion to disqualify Allen, and the record of the hearing supports this finding. Thus, TCCD demonstrated that it was prejudiced by Allen's prohibited contact with Rakoff, Sandifer, and Johnson. *See Nitla*, 92 S.W.3d at 422.

Additionally, the trial court asked for and received argument on lesser sanctions at the hearing. Robinson argued that Allen's disqualification was the

15

only way the trial court could preserve TCCD's ability to call Rakoff, Sandifer, and Johnson as witnesses without Allen's influence. Thus, the record supports the trial court's finding that Allen's disqualification was the least sanction available. *See Richmond Condos.*, 245 S.W.3d at 661. The trial court also found that to avoid the appearance of impropriety, Allen should have avoided contact with TCCD's current employees outside the presence of TCCD's attorney. By representing screening committee members, engaging in ex parte communications with them, and advising them on retaliation ramifications while suing their employer over an issue in which they had played a role, Allen created the appearance of impropriety and created public suspicion or obloquy such that her disqualification was required. *See Ussery*, 804 S.W.2d at 237. Thus, we cannot say that the trial court abused its discretion by disqualifying Allen for her contacts with TCCD's employees. *See Low*, 221 S.W.3d at 614. We overrule Hornsby's second issue.

## V. Waiver

In his third issue, Hornsby claims that TCCD waived the right to raise Allen's disqualification by waiting an unreasonable time before presenting the issue for decision. However, Hornsby points us to no place in the record where he or Allen complained to the trial court that TCCD had waived its right to move for Allen's disqualification. *See* Tex. R. App. P. 33.1(a); *see also Euler v. Marks*, No. 09-09-00344-CV, 2011 WL 378972, at *3 (Tex. App.—Beaumont Feb. 3, 2011, pet. dism'd w.o.j.) (holding that affirmative defenses and avoidance claims

16

must be pleaded to the trial court to preserve them for appellate review). Therefore, we overrule Hornby's third issue.

## VI.  Allen's Appeal

In two issues, Allen attempts to appeal her disqualification by the trial court, alleging that the trial court's finding that she violated rule 4.02 by communicating with TCCD's employees was arbitrary and unreasonable and that her disqualification was arbitrary absent proof of an ethical violation that harmed TCCD.  However, because Allen was not a party named of record in the trial court, she has no standing to bring this appeal.  *See In re J.M.R.*, No. 02-07-013-CV, 2007 WL 1502103, at *1 (Tex. App.—Fort Worth May 24, 2007, no pet.) (mem. op.).  Consequently, we dismiss Allen's appeal for want of jurisdiction.

## VII.  Conclusion

Having overruled Hornby's three issues, we affirm the trial court's judgment.  Because Allen has no standing to appeal her disqualification, we dismiss her appeal for want of jurisdiction.

BOB MCCOY
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  May 16, 2013

17