Rebecca Davis and Rebecca Davis as Next Friend of M.V. v. Linda Rawlings

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-201-CV

REBECCA DAVIS AND REBECCA APPELLANT

DAVIS AS NEXT FRIEND OF M.V. 

V.

LINDA RAWLINGS APPELLEE

------------

FROM COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Rebecca Davis, filed suit against Appellee, Linda Rawlings, for the death of her daughter’s dog.  Appellee filed a motion for summary judgment, which the trial court granted, disposing of Appellant’s claims against Appellee.  Appellant now appeals, arguing that the trial court erred by granting the motion for summary judgment.  Because we hold that Appellant produced no evidence that Appellee owed a duty to Appellant, we affirm the trial court’s judgment.

In Appellee’s motion for summary judgment, she alleged, among other things, that Appellant had no evidence that Appellee owed a duty to Appellant.  Our review of the record under the proper standard
(footnote: 2) reveals that Appellant did not produce any evidence that a duty was owed.
(footnote: 3)  Furthermore, Appellant does not complain to this Court that a duty was owed.
(footnote: 4)  The trial court, therefore, did not err by finding as a matter of law that Appellee owed no duty to Appellant and disposing of Appellant’s negligence claims.
(footnote: 5)
 From our review of the record and briefs, we cannot discern that Appellant brought any other causes of action.  To the extent that she did, any challenge to summary judgment on such claims fails for inadequate briefing.
(footnote: 6)  Consequently, we overrule Appellant’s sole issue and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and MCCOY, JJ.

DELIVERED:  March 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. Civ. P.
 166a(i); 
Johnson v. Brewer & Pritchard
,
 P.C., 
73 S.W.3d 193, 197, 207 (Tex. 2002); 
S.W. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002); 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000). 

3:
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
S.W. Elec. Power Co.
,
 
73 S.W.3d at 215 (holding that the trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact); 
Republic Nat’l Leasing Corp. v. Schindler
, 717 S.W.2d 606, 607 (Tex. 1986)
 
(holding that except for challenges to legal sufficiency of the evidence, the nonmovant must attack each ground he wishes to complain about on appeal in a response to the motion for summary judgment).

4:
See 
Scott v. Galusha
, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied) (holding that when summary judgment rests on more than one ground, the appealing party must assign error to each ground or judgment will be affirmed on a ground on which no complaint is made)
.

5:
See 
Reeder v. Daniel
, 61 S.W.3d 359, 364 (Tex. 2001) (holding that it is fundamental that a legal duty must exist before a defendant can be liable for negligence).

6:
Tex. R. App. P.
 38.1(h), 38.9; 
see also
 
Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the “long-standing rule” that point may be waived due to inadequate briefing); 
Hall v. Stephenson,
 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied) (holding that inadequately briefed point may be waived on appeal).