

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00473-CV

| | | |
|---|---|---|
| In the Interest of I.R.M., A Child | § | From the 325th District Court |
| | § | of Tarrant County (325-450327-08) |
| | § | November 15, 2012 |
| | § | Opinion by Justice McCoy |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that Appellant, S.E.C., shall pay all costs of this appeal for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bob McCoy



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00473-CV

IN THE INTEREST OF I.R.M., A CHILD

------------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Over a year after the trial court signed an agreed order appointing Appellant S.E.C. and Appellee C.T.M., I.R.M.'s parents,[2] as joint managing conservators and granting C.T.M. the right to designate I.R.M.'s primary residence, S.E.C. sought to modify the order. *See* Tex. Fam. Code Ann. § 156.101(a) (West Supp. 2012).

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2012).

C.T.M. moved for summary judgment, contending that S.E.C. could produce no evidence to support the allegations in her petition to modify. C.T.M. also raised a traditional summary judgment ground in his motion and attached his affidavit as well as an affidavit from his attorney sponsoring copies of S.E.C.'s discovery responses and a letter from the Department of Family and Protective Services. *See Binur v. Jacobo*, 135 S.W.3d 646, 650–51 (Tex. 2004) (stating that if a motion clearly sets forth its grounds and otherwise meets rule 166a's requirements, it is sufficient to raise both traditional and no-evidence grounds for summary judgment, even if the motion does not clearly delineate or segregate those grounds).

S.E.C. filed a response and attached her affidavit, her sister's affidavit, and copies of the following: some of C.T.M.'s discovery responses, Child Protective Services records and bank records produced by C.T.M. during discovery, I.R.M.'s 2008–2009 report card, and a statement of medical services. S.E.C. objected to C.T.M.'s affidavit as conclusory and self-serving and complained that it was not provided during discovery. C.T.M. objected to all of S.E.C.'s evidence and moved to strike it.

During the summary judgment hearing, the trial court denied both parties' evidentiary objections but stated that it might change this ruling once it had more closely reviewed the evidence and objections. The trial court subsequently granted C.T.M.'s summary judgment motion, stating in the order that it did so "after reviewing the evidence and hearing the arguments."

In her sole issue, S.E.C. argues that a no-evidence summary judgment was improper. However, when a trial court's summary judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). S.E.C. does not challenge the traditional summary judgment ground raised by C.T.M., and the trial court's judgment, entitled, "Order Granting Respondent's Motion for Summary Judgment," does not state upon which ground it granted the motion.[3] Therefore, we overrule S.E.C.'s sole issue, and we affirm the trial court's judgment. *See id.* at 948.

BOB MCCOY
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DELIVERED: November 15, 2012

---

[3]S.E.C. also does not complain that the trial court erred by implicitly sustaining C.T.M.'s objections to her evidence after the hearing, which would have allowed the trial court to grant summary judgment on the no-evidence ground, or by denying her objections to C.T.M.'s summary judgment evidence. *See Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied) (stating that when an evidentiary ruling has not been challenged on appeal, the appellate court cannot consider the excluded evidence); *see also* Tex. R. App. P. 33.1(a)(2)(A) (providing for implicit rulings).