COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-11-00473-CV

 

 


 
 
 In the Interest of I.R.M., A Child
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 325th District Court
  
 of Tarrant County (325-450327-08)
  
 November 15, 2012
  
 Opinion by Justice McCoy
 
 


 

JUDGMENT

 

          This court has considered the record
on appeal in this case and holds that there was no error in the trial court’s
judgment.  It is ordered that the judgment of the trial court is affirmed. 

          It is further ordered that Appellant, S.E.C.,
shall pay all costs of this appeal for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS


 

 

 

By_________________________________

    Justice Bob McCoy

 

 

 

 



 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF
TEXAS

FORT WORTH

 

NO. 02-11-00473-CV

 

 


 
 
 IN THE INTEREST OF I.R.M., A CHILD
 
 
  
 
 
  
 
 


 

 

 

                                                                                                                             

------------

 

FROM THE
325TH DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

Over
a year after the trial court signed an agreed order appointing Appellant S.E.C.
and Appellee C.T.M., I.R.M.’s parents,[2]
as joint managing conservators and granting C.T.M. the right to designate I.R.M.’s
primary residence, S.E.C. sought to modify the order.  See Tex.
Fam. Code Ann. § 156.101(a) (West Supp. 2012).

C.T.M.
moved for summary judgment, contending that S.E.C. could produce no evidence to
support the allegations in her petition to modify.  C.T.M. also raised a
traditional summary judgment ground in his motion and attached his affidavit as
well as an affidavit from his attorney sponsoring copies of S.E.C.’s discovery
responses and a letter from the Department of Family and Protective Services.  See
Binur v. Jacobo, 135 S.W.3d 646, 650–51 (Tex. 2004) (stating that if a
motion clearly sets forth its grounds and otherwise meets rule 166a’s
requirements, it is sufficient to raise both traditional and no-evidence grounds
for summary judgment, even if the motion does not clearly delineate or
segregate those grounds).

S.E.C.
filed a response and attached her affidavit, her sister’s affidavit, and copies
of the following:  some of C.T.M.’s discovery responses, Child Protective
Services records and bank records produced by C.T.M. during discovery, I.R.M.’s
2008–2009 report card, and a statement of medical services.  S.E.C. objected to
C.T.M.’s affidavit as conclusory and self-serving and complained that it was
not provided during discovery.  C.T.M. objected to all of S.E.C.’s evidence and
moved to strike it.

During
the summary judgment hearing, the trial court denied both parties’ evidentiary
objections but stated that it might change this ruling once it had more closely
reviewed the evidence and objections.  The trial court subsequently granted C.T.M.’s
summary judgment motion, stating in the order that it did so “after reviewing
the evidence and hearing the arguments.”

In her sole issue, S.E.C. argues that a no-evidence summary
judgment was improper.  However, when a trial court’s summary judgment rests
upon more than one independent ground or defense, the aggrieved party must
assign error to each ground, or the judgment will be affirmed on the ground to
which no complaint is made.  Scott v. Galusha, 890 S.W.2d 945, 948 (Tex.
App.—Fort Worth 1994, writ denied).  S.E.C. does not challenge the traditional
summary judgment ground raised by C.T.M., and the trial court’s judgment,
entitled, “Order Granting Respondent’s Motion for Summary Judgment,” does not
state upon which ground it granted the motion.[3]  Therefore, we overrule S.E.C.’s sole issue, and we
affirm the trial court’s judgment.  See id. at 948.

 

                                                                   BOB
MCCOY

                                                                             JUSTICE

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DELIVERED:  November 15, 2012









[1]See
Tex. R. App. P. 47.4.





[2]See
Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2012).





[3]S.E.C.
also does not complain that the trial court erred by implicitly sustaining
C.T.M.’s objections to her evidence after the hearing, which would have allowed
the trial court to grant summary judgment on the no-evidence ground, or by
denying her objections to C.T.M.’s summary judgment evidence.  See Frazier
v. Yu, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied)
(stating that when an evidentiary ruling has not been challenged on appeal, the
appellate court cannot consider the excluded evidence); see also Tex. R.
App. P. 33.1(a)(2)(A) (providing for implicit rulings).