02-11-091-cv









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00091-CV

 

 


 
 
 M&DD
 Traders Corporation and Jared Biketi
  
 v.
  
  
 Total
 Quality Logistics, Inc.
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 153rd District
 Court
  
 of
 Tarrant County (153-231388-08)
  
 December
 13, 2012
  
 Opinion
 by Justice Gardner
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

It
is further ordered that appellants M&DD Traders Corporation
and Jared Biketi shall pay all costs of this appeal, for which let execution
issue.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

   
Justice Anne Gardner

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

 

NO. 02-11-00091-CV

 

 


 
 
 M&DD Traders Corporation and Jared Biketi
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Total Quality Logistics, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 153rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

 

Appellants
M&DD Traders Corporation (M&DD) and Jared Biketi (Biketi) appeal the
trial court’s judgment in favor of Appellee Total Quality Logistics, Inc. (TQL). 
In six issues, Appellants challenge the trial court’s grant of TQL’s post-verdict
motion to disregard jury findings, the effect of which required a take-nothing
judgment in TQL’s favor.  We affirm.

II.  Background

 

Biketi,
the owner of M&DD, needed to ship a quantity of computers and generators
from Fort Worth, Texas to Florida.  The computers were to then be shipped from
Florida to Kenya.  After searching the internet, Biketi contacted TQL.  Biketi
completed a credit application and paid TQL $2,300 to ship the items.  TQL then
arranged for the shipment to be made by Hudfed Corporation (Hudfed).  Trial
evidence conflicted as to whether TQL was a broker of shipping services or a
motor carrier,[2] but a Hudfed truck and
crew retrieved the items from M&DD.  Although M&DD’s computers and
generators were loaded onto the Hudfed truck, they never arrived in Florida.  TQL
told Biketi that something had happened to the shipment, that the driver was in
jail, and that the matter was under investigation, but TQL denied liability and
did not reimburse M&DD for the freight or shipping costs.

M&DD
and Biketi subsequently filed this lawsuit against TQL and Hudfed.  Hudfed did
not answer and defaulted, and the case proceeded to a jury trial against TQL.  The
court’s charge asked the jury whether TQL had agreed to “assure [the] delivery
of the freight from Fort Worth, Texas to Miami, Florida” and whether TQL failed
to comply with that agreement.  The jury found that TQL had so agreed but also
that TQL had not failed to comply with the agreement.  The charge also included
a promissory estoppel question which asked the jury whether M&DD had
substantially relied to its detriment on a promise by TQL and whether
M&DD’s reliance was foreseeable to TQL.  The jury found in M&DD’s favor
on the promissory estoppel question and determined that M&DD’s damages
should be $98,287.70 for loss of the equipment and $2,300 for shipping costs.  The
jury also answered that $9,100 is a reasonable fee for the services of
M&DD’s attorneys in the case.

After
trial, TQL filed a motion to disregard the jury’s findings as to promissory
estoppel, damages for promissory estoppel, and attorney’s fees, arguing both
that the jury’s promissory estoppel finding was legally barred by the jury’s
finding that the parties had a contract and that the jury’s promissory estoppel
finding was not supported by legally sufficient evidence.[3]
 After conducting a hearing and allowing M&DD an opportunity to file a
response, the trial court granted TQL’s motion.  The trial court’s final
judgment awarded judgment for M&DD and Biketi against Hudfed for $98,287.70
but provided that M&DD and Biketi take nothing against TQL.  This appeal
followed.

III.  Discussion

 

A. 
Independent Grounds Support Judgment

When
the trial court’s judgment rests upon more than one independent ground or defense,
the aggrieved party must assign error to each ground, or the judgment will be
affirmed on the ground for which no complaint is made.  Scott v. Galusha,
890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied); see Reliford
v. BNSF Ry. Co., No. 02-09-00322-CV, 2011 WL 255795, at *1 (Tex. App.—Fort
Worth Jan. 27, 2011, no pet.) (mem. op.).  TQL’s motion to disregard the jury
findings asserted two independent grounds:  (1) legally insufficient evidence
of promissory estoppel and (2) conflict between the jury’s finding that the
parties had an express agreement and the jury’s promissory estoppel finding.  The
trial court’s judgment recites that the trial court granted TQL’s motion to
disregard but does not specify the ground upon which the trial court granted
the motion.  To obtain reversal on appeal, M&DD and Biketi were therefore
required to establish that the trial court’s judgment could not rest on either
ground.  M&DD and Biketi have not, however, argued on appeal that legally
sufficient evidence supported the jury’s promissory estoppel findings.  We are
therefore required to affirm the trial court’s judgment.  See Hong Kong Dev.
Inc. v. Nguyen, 229 S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no
pet.) (op. on reh’g) (overruling issue challenging lack of evidence of waiver
or estoppel because the appellants did not challenge the evidence supporting
duress, even though the jury found that failure to obtain consent to assign a
contract was excused by waiver, estoppel, and duress); see also Reliford,
2011 WL 255795, at *1 (affirming judgment because independent ground—statute of
limitations—had not been challenged on appeal).

Because
M&DD and Biketi have not challenged all bases upon which the trial court
could have entered judgment, we must overrule their first four issues without
reaching their merits.  See Tex. R. App. P. 47.1, 47.4.  In those
issues, M&DD and Biketi contend that there was no legally binding contract
between M&DD and TQL.  M&DD and Biketi make this argument because
promissory estoppel cannot apply to promises covered by a valid contract
between the parties.  Barnett v. Coppell N. Tex. Ct., Ltd., 123 S.W.3d
804, 825 (Tex. App.—Dallas 2003, pet. denied).  Thus, M&DD and Biketi seek
to set aside the jury’s finding that the parties had an agreement in order to
argue that there is no agreement that would bar their recovery for promissory
estoppel.  But M&DD and Biketi’s first four issues assume that the trial
court granted TQL’s motion to disregard the promissory estoppel findings only
on the ground that the existence of the contract bars the promissory estoppel
claim.  As noted above, the trial court’s judgment could rest on the
unchallenged ground that legally insufficient evidence supported the jury’s
promissory estoppel finding.  Thus, even if M&DD and Biketi are correct
that there was not a contract between M&DD and TQL, M&DD and Biketi
still cannot prevail on appeal because there remains the possibility that the
trial court set aside the jury’s promissory estoppel findings on the unchallenged
ground that legally insufficient evidence supports the promissory estoppel
claim.  The outcome of this appeal would therefore not change if we addressed
M&DD and Biketi’s first four issues, and we overrule them.  See Tex.
R. App. P. 47.1, 47.4.

B. 
Promissory Estoppel Based on Independent Promise

M&DD
and Biketi argue in their fifth issue that promissory estoppel can exist, even
when there is a contract between the parties, when the challenged promise is
one made outside the parties’ contract.

Promissory
estoppel cannot apply to promises covered by a valid contract between the
parties, but it does apply to promises made outside the contract.  See Barnett,
123 S.W.3d at 825; Richter v. Wagner Oil Co., 90 S.W.3d 890, 899 (Tex.
App.—San Antonio 2002, no pet.); El Paso Healthcare Sys., Ltd. v. Piping
Rock Corp., 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied). 
Although M&DD and Biketi contend that they relied to their detriment on a
promise outside the contract with TQL, they had the burden of proof at trial
concerning the existence of that additional promise.  See Piping Rock Corp.,
939 S.W.2d at 699 (“Piping Rock additionally had to prove that the promise on
which it relied to its detriment was outside the Agreement.”).  And because
they had the burden of proof, M&DD and Biketi were additionally obligated
to tender to the trial court, in substantially correct form, a question or
questions that would place before the jury all disputed elements of their
promissory estoppel claim.  See Tex. R. Civ. P. 278, 279; Robertson
v. Odom, 296 S.W.3d 151, 159 (Tex. App.—Houston [14th Dist.] 2009, no
pet.).

M&DD
and Biketi did not submit to the trial court any proposed questions that would
have allowed the jury to find that TQL made additional promises outside the
parties’ contract.[4]  In other words, the jury
charge did not ask whether TQL made any promises beyond its agreement to
“assure [the] delivery of the freight from Fort Worth, Texas to Miami,
Florida.”  Because the charge did not include this critical factual element of
M&DD and Biketi’s promissory estoppel claim, they are precluded from
arguing on appeal that a promise outside the parties’ contract supports their
promissory estoppel claim.  Robertson, 296 S.W.3d at 159–60.  We
overrule M&DD and Biketi’s fifth issue.

C. 
Attorney’s Fees

M&DD
and Biketi argue in their sixth issue that attorney’s fees are recoverable in
actions for promissory estoppel.  We do not decide this issue, however, because
we have held above that M&DD and Biketi cannot prevail on their promissory
estoppel claim.  We thus overrule their sixth issue.

IV.  Conclusion

 

Having
held that M&DD and Biketi have not challenged each independent ground
supporting the judgment and having overruled each of M&DD and Biketi’s
issues, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DELIVERED:  December 13,
2012









[1]See Tex. R. App. P. 47.4.





[2]The jury found that TQL
acted as a broker, not a motor carrier.  That finding was not disregarded by
the trial court and is not at issue on appeal.





[3]As to attorney’s fees,
TQL’s motion asserted that attorney’s fees are not recoverable on a claim for
promissory estoppel and that the jury did not find any breach of contract.  We
do not address this argument because our other holdings preclude any recovery
by M&DD and Biketi.  See Tex. R. App. P. 47.1.





[4]M&DD and Biketi also
did not object at the charge conference to alert the trial court that they
intended to rely on an alleged additional promise by TQL that was outside the parties’
contract.