

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00091-CV

| | | |
|---|---|---|
| M&DD Traders Corporation and Jared Biketi | § | From the 153rd District Court |
| | § | of Tarrant County (153-231388-08) |
| v. | § | December 13, 2012 |
| Total Quality Logistics, Inc. | § | Opinion by Justice Gardner |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that appellants M&DD Traders Corporation and Jared Biketi shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Anne Gardner



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00091-CV

M&DD TRADERS CORPORATION                  APPELLANTS
AND JARED BIKETI

V.

TOTAL QUALITY LOGISTICS, INC.                 APPELLEE

----------

## FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellants M&DD Traders Corporation (M&DD) and Jared Biketi (Biketi) appeal the trial court's judgment in favor of Appellee Total Quality Logistics, Inc. (TQL). In six issues, Appellants challenge the trial court's grant of TQL's post-

---

[1]*See* Tex. R. App. P. 47.4.

verdict motion to disregard jury findings, the effect of which required a take-nothing judgment in TQL's favor. We affirm.

## II. Background

Biketi, the owner of M&DD, needed to ship a quantity of computers and generators from Fort Worth, Texas to Florida. The computers were to then be shipped from Florida to Kenya. After searching the internet, Biketi contacted TQL. Biketi completed a credit application and paid TQL $2,300 to ship the items. TQL then arranged for the shipment to be made by Hudfed Corporation (Hudfed). Trial evidence conflicted as to whether TQL was a broker of shipping services or a motor carrier,[2] but a Hudfed truck and crew retrieved the items from M&DD. Although M&DD's computers and generators were loaded onto the Hudfed truck, they never arrived in Florida. TQL told Biketi that something had happened to the shipment, that the driver was in jail, and that the matter was under investigation, but TQL denied liability and did not reimburse M&DD for the freight or shipping costs.

M&DD and Biketi subsequently filed this lawsuit against TQL and Hudfed. Hudfed did not answer and defaulted, and the case proceeded to a jury trial against TQL. The court's charge asked the jury whether TQL had agreed to "assure [the] delivery of the freight from Fort Worth, Texas to Miami, Florida" and whether TQL failed to comply with that agreement. The jury found that TQL had so agreed but also that TQL had not failed to comply with the agreement. The charge also

---

[2]The jury found that TQL acted as a broker, not a motor carrier. That finding was not disregarded by the trial court and is not at issue on appeal.

included a promissory estoppel question which asked the jury whether M&DD had substantially relied to its detriment on a promise by TQL and whether M&DD's reliance was foreseeable to TQL. The jury found in M&DD's favor on the promissory estoppel question and determined that M&DD's damages should be $98,287.70 for loss of the equipment and $2,300 for shipping costs. The jury also answered that $9,100 is a reasonable fee for the services of M&DD's attorneys in the case.

After trial, TQL filed a motion to disregard the jury's findings as to promissory estoppel, damages for promissory estoppel, and attorney's fees, arguing both that the jury's promissory estoppel finding was legally barred by the jury's finding that the parties had a contract and that the jury's promissory estoppel finding was not supported by legally sufficient evidence.[3] After conducting a hearing and allowing M&DD an opportunity to file a response, the trial court granted TQL's motion. The trial court's final judgment awarded judgment for M&DD and Biketi against Hudfed for $98,287.70 but provided that M&DD and Biketi take nothing against TQL. This appeal followed.

---

[3]As to attorney's fees, TQL's motion asserted that attorney's fees are not recoverable on a claim for promissory estoppel and that the jury did not find any breach of contract. We do not address this argument because our other holdings preclude any recovery by M&DD and Biketi. *See* Tex. R. App. P. 47.1.

4

## III.  Discussion

## A.  Independent Grounds Support Judgment

When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground for which no complaint is made.  *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied); *see Reliford v. BNSF Ry. Co.*, No. 02-09-00322-CV, 2011 WL 255795, at *1 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (mem. op.).  TQL's motion to disregard the jury findings asserted two independent grounds:  (1) legally insufficient evidence of promissory estoppel and (2) conflict between the jury's finding that the parties had an express agreement and the jury's promissory estoppel finding.  The trial court's judgment recites that the trial court granted TQL's motion to disregard but does not specify the ground upon which the trial court granted the motion.  To obtain reversal on appeal, M&DD and Biketi were therefore required to establish that the trial court's judgment could not rest on either ground.  M&DD and Biketi have not, however, argued on appeal that legally sufficient evidence supported the jury's promissory estoppel findings.  We are therefore required to affirm the trial court's judgment. *See Hong Kong Dev. Inc. v. Nguyen*, 229 S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g) (overruling issue challenging lack of evidence of waiver or estoppel because the appellants did not challenge the evidence supporting duress, even though the jury found that failure to obtain consent to assign a contract was excused by waiver, estoppel, and duress); *see also Reliford,*

5

2011 WL 255795, at *1 (affirming judgment because independent ground—statute of limitations—had not been challenged on appeal).

Because M&DD and Biketi have not challenged all bases upon which the trial court could have entered judgment, we must overrule their first four issues without reaching their merits. *See* Tex. R. App. P. 47.1, 47.4. In those issues, M&DD and Biketi contend that there was no legally binding contract between M&DD and TQL. M&DD and Biketi make this argument because promissory estoppel cannot apply to promises covered by a valid contract between the parties. *Barnett v. Coppell N. Tex. Ct., Ltd.*, 123 S.W.3d 804, 825 (Tex. App.—Dallas 2003, pet. denied). Thus, M&DD and Biketi seek to set aside the jury's finding that the parties had an agreement in order to argue that there is no agreement that would bar their recovery for promissory estoppel. But M&DD and Biketi's first four issues assume that the trial court granted TQL's motion to disregard the promissory estoppel findings only on the ground that the existence of the contract bars the promissory estoppel claim. As noted above, the trial court's judgment could rest on the unchallenged ground that legally insufficient evidence supported the jury's promissory estoppel finding. Thus, even if M&DD and Biketi are correct that there was not a contract between M&DD and TQL, M&DD and Biketi still cannot prevail on appeal because there remains the possibility that the trial court set aside the jury's promissory estoppel findings on the unchallenged ground that legally insufficient evidence supports the promissory estoppel claim. The outcome of this appeal would therefore not change

6

if we addressed M&DD and Biketi's first four issues, and we overrule them. *See* Tex. R. App. P. 47.1, 47.4.

## B. Promissory Estoppel Based on Independent Promise

M&DD and Biketi argue in their fifth issue that promissory estoppel can exist, even when there is a contract between the parties, when the challenged promise is one made outside the parties' contract.

Promissory estoppel cannot apply to promises covered by a valid contract between the parties, but it does apply to promises made outside the contract. *See Barnett*, 123 S.W.3d at 825; *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App.—San Antonio 2002, no pet.); *El Paso Healthcare Sys., Ltd. v. Piping Rock Corp.*, 939 S.W.2d 695, 699 (Tex. App.—El Paso 1997, writ denied). Although M&DD and Biketi contend that they relied to their detriment on a promise outside the contract with TQL, they had the burden of proof at trial concerning the existence of that additional promise. *See Piping Rock Corp.*, 939 S.W.2d at 699 ("Piping Rock additionally had to prove that the promise on which it relied to its detriment was outside the Agreement."). And because they had the burden of proof, M&DD and Biketi were additionally obligated to tender to the trial court, in substantially correct form, a question or questions that would place before the jury all disputed elements of their promissory estoppel claim. *See* Tex. R. Civ. P. 278, 279; *Robertson v. Odom*, 296 S.W.3d 151, 159 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

M&DD and Biketi did not submit to the trial court any proposed questions that would have allowed the jury to find that TQL made additional promises outside the

7

parties' contract.[4]  In other words, the jury charge did not ask whether TQL made any promises beyond its agreement to "assure [the] delivery of the freight from Fort Worth, Texas to Miami, Florida."  Because the charge did not include this critical factual element of M&DD and Biketi's promissory estoppel claim, they are precluded from arguing on appeal that a promise outside the parties' contract supports their promissory estoppel claim.  *Robertson*, 296 S.W.3d at 159–60.  We overrule M&DD and Biketi's fifth issue.

## C.  Attorney's Fees

M&DD and Biketi argue in their sixth issue that attorney's fees are recoverable in actions for promissory estoppel.  We do not decide this issue, however, because we have held above that M&DD and Biketi cannot prevail on their promissory estoppel claim.  We thus overrule their sixth issue.

---

[4]M&DD and Biketi also did not object at the charge conference to alert the trial court that they intended to rely on an alleged additional promise by TQL that was outside the parties' contract.

## IV.  Conclusion

Having held that M&DD and Biketi have not challenged each independent ground supporting the judgment and having overruled each of M&DD and Biketi's issues, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  December 13, 2012

9