

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-14-00043-CV

DFW FULL SPECTRUM
CONTRACTORS AND
CONSULTANTS, LLC

APPELLANT

V.

AMERICAN FIRST NATIONAL
BANK

APPELLEE

----------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CV13-0638-A

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant DFW Full Spectrum Contractors and Consultants,

LLC (DFW) appeals the trial court's summary judgment for appellee American

First National Bank (AFNB) on DFW's promissory estoppel claim.[2]  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

When a trial court's summary judgment order does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). That is, when summary judgment rests on more than one ground or defense, the appealing party must assign error to each ground, or judgment will be affirmed on a ground on which no complaint is made. *Davis v. Conveyor-Matic Inc.*, 139 S.W.3d 423, 428 (Tex. App.—Fort Worth 2004, no pet.).

AFNB filed a traditional motion for summary judgment on all of DFW's claims, arguing that they were barred as a matter of law. AFNB asserted with regard to DFW's promissory estoppel claim that

- the claim was barred by the statute of frauds, citing and discussing two separate provisions of the business and commerce code; and

- AFNB's summary judgment evidence conclusively negated the following elements of promissory estoppel:

  - any "promise," because AFNB's loan officer did not have actual or apparent authority to subordinate, release, or waive AFNB's security interest in the insurance proceeds or to modify the terms of AFNB's deeds of trust;

---

[2]DFW contracted to repair a building with the building's operator; the repairs were to be paid out of proceeds from a claim on the building's owner's insurance. AFNB held deeds of trust on the building and was an additional insured on the building's insurance policy. When the building's owner became delinquent on its loan payments to AFNB, AFNB applied the remainder of the insurance proceeds to the outstanding balance. DFW sued AFNB, the building's owner, and the building's operator for the unpaid balance on its contract.

- any detrimental reliance by DFW when it was contractually required to complete construction and had already ordered materials, hired subcontractors, and performed four-fifths of the repair work before the alleged promise occurred; and

- any injustice because AFNB's claims had priority and to enforce the alleged promise would contravene AFNB's security and contractual rights to seek repayment of its loans.

The trial court granted a general summary judgment for AFNB.

On appeal, DFW makes two arguments in support of its general complaint that the trial court erred by granting AFNB's traditional summary judgment motion. DFW's first argument is that the trial court erred by granting summary judgment for AFNB because the trial court "apparently rel[ied] on [AFNB's] argument that the statute of frauds bars [DFW's] enforcement of [AFNB's] oral promise to pay over the insurance proceeds if the work was completed" and that "equity will act to avoid the statute of frauds in circumstances where enforcing the statute would itself amount to a fraud." DFW did not raise equity as an exception to avoid AFNB's statute-of-frauds-based defenses in its response to AFNB's motion. *Cf. Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.) (explaining equity exceptions for avoiding application of statute of frauds). Except for challenges to the legal sufficiency of the evidence, a summary judgment nonmovant must attack each ground it wishes to complain about on appeal in a response to the summary judgment motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994,

3

writ denied). Because DFW failed to do so, we overrule this portion of DFW's sole issue.

DFW's second argument, addressing the legal sufficiency of the summary judgment evidence, is that

> DFW relied on the Bank's oral promise to pay the remaining insurance proceeds by proceeding with completion of the work, something that it was not obligated to do because the construction contract was then in default. Additionally, such reliance was foreseeable by the Bank since the failure to finish the job would be a problem for everyone involved. Lastly, DFW's reliance was detrimental inasmuch as the promise caused DFW to complete the job, something it was not otherwise obligated to do since the construction contract was in breach.

DFW does not present argument or legal authority as to the specific grounds presented in AFNB's summary judgment motion. Therefore, we overrule the remainder of DFW's sole issue and affirm the trial court's summary judgment on the unchallenged grounds. *See LeBlanc v. Riley*, No. 02-08-00234-CV, 2009 WL 885953, at *3 (Tex. App.—Fort Worth Apr. 2, 2009, no pet.) (mem. op.) (stating that while a general issue broadly challenging a summary judgment is permissible, the appellant does not preserve error for appeal when it fails to present argument and legal authority regarding all possible grounds that might support the trial court's summary judgment).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: February 26, 2015

4