IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


MUMIN V. TASTE OF NEW ORLEANS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DUKHAN MUMIN, APPELLANT,

V.

TASTE OF NEW ORLEANS, LLC, APPELLEE.


Filed March 17, 2026.    No. A-25-434.


Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Dukhan Mumin, pro se.

No appearance for appellee.


RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Dukhan Mumin appeals from the Douglas County District Court's order affirming the Douglas County Court's order denying his motion for summary judgment and dismissing his complaint against Taste of New Orleans, LLC. Mumin asserts that the district court erred in affirming the county court's denial of his motion for summary judgment. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

On August 12, 2024, Mumin filed a complaint in Douglas County Court against Taste of New Orleans alleging that Taste of New Orleans, through its owner, Lee Franklin, engaged in retaliation and slander. Mumin alleged that Franklin, in his capacity as the owner of Taste of New

Orleans, encouraged Mumin to leave his former employment to work as a cook for Taste of New Orleans. However, Mumin alleged that approximately a week after Mumin began working at Taste of New Orleans, Franklin fired Mumin, based upon Franklin's false assertion that he did not have anyone to train Mumin. Mumin alleged he filed complaints in district court and the Workers' Compensation Court, and following his filing of the complaint in the Workers' Compensation Court, Taste of New Orleans began physically threatening Mumin and his family and began engaging in "defamatory behavior commenting to several people that [Mumin] was a 'piece of shit' for filing the workers' compensation case and the other suit, costing him money." Mumin alleged that Taste of New Orleans continued to make comments to individuals about Mumin being "no good and that he would get back at him for filing the suits." The complaint alleged that "[Mumin] can prove these allegations but will not provide names at this time until the case proceeds further" and that if Taste of New Orleans continued threatening Mumin and his family, Mumin "will have no choice other than to protect himself in the event [Taste of New Orleans] approaches him or comes to his home."

A summons was issued, and Taste of New Orleans was timely served by the sheriff on August 13, 2024. In September 2024, Mumin filed a motion and affidavit for default judgment in the amount of $37,000 after Taste of New Orleans failed to appear or file an answer to the complaint. A hearing was held on the motion for default judgment on October 10, 2024, but Taste of New Orleans failed to appear. The county court received an affidavit of Alesha Dumas and a packet of text messages during the hearing. The following day, the county court issued an order finding that "[Mumin's] Motion for Default is denied. No evidence adduced regarding damages, a claim upon which relief may be granted, notice or proper service as required by statute and Supreme Court Rule. Case is hereby scheduled for a pretrial hearing on December 12, 2024."

Following the county court's denial of Mumin's request for a default judgment, Mumin filed an evidence index in support of damages and default judgment, a copy of the return of service indicating Taste of New Orleans had been served with the summons, a copy of a petition for a harassment protection order against Franklin, and an affidavit in support of damages. The county court subsequently entered an order and notice of pretrial hearing. The pretrial hearing was held as scheduled in December. Franklin appeared on behalf of Taste of New Orleans and the matter was set for trial.

In December 2024, Mumin filed a motion for summary judgment alleging that there was no dispute as to any material facts and that he was entitled to judgment as a matter of law. A hearing thereon was held in January 2025 wherein Mumin offered the same affidavit of Dumas and the packet of text messages, and also offered his own affidavit titled "Affidavit In Support of Damages." Following the hearing, the county court overruled Mumin's motion for summary judgment, finding that neither party had complied with Neb. Ct. R. § 6-1471 (regarding summary judgment procedure). The court further found that "there is a genuine issue of material fact, so [the court] is unable to grant judgment as a matter of law based on the information provided." The matter immediately proceeded to a bench trial, during which the county court received the same exhibits, and testimony was adduced from Mumin and Franklin. The matter was taken under advisement.

The following day, Mumin filed a motion to alter or amend, asserting that Franklin was not an attorney, was aware that he could not represent Taste of New Orleans, and that the court had a

duty to not allow Franklin to testify and defend the LLC without an attorney. Mumin requested that the court contact the county attorney to conduct a criminal investigation into Franklin's crimes of perjury and the unauthorized practice of law and to strike any evidence offered by Franklin during the January 2, 2025, hearing, and to grant Mumin summary judgment and the relief he requested.

On January 7, 2025, the court granted Mumin's motion to exclude and ordered that "[a]ll evidence adduced by [Taste of New Orleans] is stricken" but dismissed Mumin's complaint because Mumin "adduced insufficient evidence to substantiate [his] claim and request for damages in the amount of $37,000." Mumin appealed the county court's order on January 17, 2025.

On January 17, 2025, the county court entered an order stating that Mumin's motion to alter or amend was filed before judgment had been entered in the matter. The order provided that following the court's entry of judgment on January 7, Mumin filed a notice of appeal and divested the county court of jurisdiction to consider the motion to alter or amend. The court found that Mumin's motion was moot since there was no judgment at the time he filed the motion to alter or amend, that the court no longer had jurisdiction, and that the hearing on the motion to alter or amend was cancelled.

On January 30, 2025, Mumin timely filed a statement of errors and a brief in the Douglas County District Court. Mumin alleged that the county court erred in (1) allowing Franklin, who is not a party to the action and not an attorney, to argue and offer evidence on behalf of Taste of New Orleans, in violation of Nebraska law, because an attorney licensed in the State of Nebraska has to represent the corporation, and to date, said corporation has not entered an appearance in this matter; (2) the error identified in number one above occurred at the summary judgment hearing in the county court; (3) denying Mumin's request for summary judgment; (4) accepting Franklin's testimony over Mumin's objection; (5) dismissing the case prior to ruling on his motion to alter or amend; (6) failing to grant his motion for summary judgment, which would have negated the need for a trial.

The appeal was heard by the district court on March 26, 2025. Taste of New Orleans did not appear. During the hearing, the district court took judicial notice of the transcript and bill of exceptions from the county court, received and considered the brief filed by Mumin, and heard oral argument from Mumin. On March 31, 2025, the district court affirmed the county court's order, finding that

> [t]he orders entered by the Douglas County Court in this case made specific findings related to the pleadings and hearings held in the case, orders issued in the case, and sufficient findings to support the County Court's order/rulings. Upon this Court's review of the orders as well as the Bill of Exceptions, and all exhibits entered, this Court finds no error on the record of the Douglas County Court. This Court finds the record on appeal supports the County Court's findings.

On April 7, 2025, Mumin filed a motion to alter or amend in the district court, alleging that he made a prima facie case for summary judgment, that Taste of New Orleans did not provide any conflicting evidence, and that the evidence admitted was sufficient to support granting summary judgment in Mumin's favor. In June 2025, the district court denied Mumin's motion to alter or

amend. Mumin has now appealed from the district court order affirming the county court's dismissal of his action.

## ASSIGNMENTS OF ERROR

Mumin assigns as error that the district court erred (1) "by failing to grant [his] motion for summary judgment, including damages" and (2) "by failing to reverse the decision of the county court."

## STANDARD OF REVIEW

In appeals from the district court sitting as an appellate court, the immediate question is whether the district court erred in its appellate review of the county court's decision, but review of that question necessarily involves considering the decision of the county court. *Sedighi v. Schnackel Engineers*, 317 Neb. 890, 12 N.W.3d 507 (2024). A judgment rendered by a county court is reviewed for errors appearing on the record. *Id.*

When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Whether a decision conforms to law is, by definition, a question of law, to which an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Id.* Competent evidence is evidence that is admissible and tends to establish a fact in issue. *Id.* A decision is arbitrary when it is made in disregard of the facts or circumstances and without some basis which would lead a reasonable person to the same conclusion. *Id.* A capricious decision is one guided by fancy rather than by judgment or settled purpose. *Id.* The term "unreasonable" can be applied to a decision only when the evidence presented leaves no room for differences of opinion among reasonable minds. *Id.*

## ANALYSIS

Mumin assigns as error that the district court erred "by failing to grant [his] motion for summary judgment, including damages" and that the district court erred "by failing to reverse the decision of the county court." The entirety of the argument contained in Mumin's brief is as follows:

> The District Court erred by failing to rule that the county court should have granted Mumin's request for summary judgment, and therefore, should have granted the summary judgment motion as the appellate court.
>
> Mumin offered evidence, in the form of a sworn affidavit, in support of his damages.
>
> The Appellee, to this day, has offered no evidence in opposition to that evidence. (See BOE in its entirety). Neb. Rev. Stat. 6-1526.

Brief for appellant at 8.

As best we can determine from this limited argument, Mumin is suggesting that he was entitled to summary judgment because, during the summary judgment hearing, he offered a sworn affidavit in support of damages and the appellee offered no evidence in opposition to that affidavit.

But, in addition to denying Mumin's motion on the basis that the court deemed there to be a continuing genuine issue of material fact, the county court separately denied the motion because of Mumin's failure to comply with Uniform County Court Rule § 6-1471. That rule provides in pertinent part:

> (A) Moving Party's Materials in Support of Motion. When a motion for summary judgment or partial summary judgment is filed, the moving party must simultaneously file with the clerk and serve on all parties of record:
>
> (1) an Evidence Index in Support listing all evidence to be offered in support of the motion for summary judgment; and
>
> (2) an Annotated Statement of Undisputed Facts setting forth concise, numbered paragraphs reciting each proposed material fact as to which the moving party contends there is no genuine dispute, annotated by pinpoint citation to the supporting evidence in the Evidence Index in Support.
>
> *Failure to submit such a Statement may constitute grounds for denial of the motion.*

(Emphasis supplied.)

Here, the county court, as an alternative basis for denying Mumin's motion for summary judgment, cited to Mumin's failure to comply with § 6-1471. Mumin has neither assigned error to this ruling nor argued it. As one court has aptly noted: "When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made." *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App. 1994). "It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error." *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998). As such, we need not further consider Mumin's assignment and limited argument to the court's alternative basis for denying his motion for summary judgment.

## CONCLUSION

For the reasons stated above, we affirm.

AFFIRMED.